**In re Daniel C. McFADDEN, Debtor.**

**Bankruptcy No. 1–83–00101.**

United States Bankruptcy Court, M.D. Pennsylvania.

Feb. 28, 1984.

John L. Sweezy, Harrisburg, Pa., for debtor.

Albert Z. Bogert, Mechanicsburg, Pa., trustee.

## MEMORANDUM ON ATTORNEY'S FEES

ROBERT J. WOODSIDE, Bankruptcy Judge.

This case involves default by a Debtor in his Chapter 13 plan followed by a Motion to Dismiss filed by the Trustee assigned to the case. The motion was filed on November 2, 1983. On the same date the Trustee filed an application to appoint himself as attorney to the Trustee for the purpose of processing such motion.

The Court held a hearing on the Trustee's Motion to Dismiss on December 2, 1983 at which time the Trustee served the Debtor with his application for payment of $500 in counsel fees, $149.41 to be paid from Chapter 13 funds on hand and the balance of $350.59 to be paid by the debtor to the Trustee within 30 days.

On December 12, 1983 Debtor filed his Petition to Convert the case to a Chapter 7 matter. Under 11 U.S.C. § 1307(b) a request by a Debtor to convert his Chapter 13 to a Chapter 7 is effective immediately without notice to creditors by operation of law. We find that the Court does not have authority to withhold the effective date of the conversion. This case became a Chapter 7 case on December 12, 1983 with the filing of debtor's Petition to Convert, by operation of law.

11 U.S.C. § 348(a) states that a conversion "... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."

Under the terms of the quoted section, we find that a conversion relates back to the original date of filing the Chapter 13 case, which was February 1, 1983 in this matter. We must also follow 11 U.S.C. § 541 in determining what property of the Debtor is property of the estate. We cannot use 11 U.S.C. § 1306 and find the debtor's post-petition income as part of the estate in question.

The Court is mindful that the Trustee's duties in Chapter 13 cases tend to be burdensome and yield small compensation for the time and effort expended. However, the Court finds no convincing evidence that the debtor deliberately sought to defraud the Trustee out of his statutory fees and costs by converting the case to a Chapter 7 proceeding, as contended by the Trustee.

The Trustee's pleadings and argument in this matter urge upon the Court a punitive approach to the question of fees on the theory that debtors are abusing the system when they default on a confirmed plan and then convert their cases to Chapter 7. To deter debtors from doing this, the Trustee urges that we award $500 in fees to compensate for the filing of a Motion to Dismiss. In the alternative he urges that in

fact $500 worth of legal work was necessary in processing the case to this point.

 A Trustee has standing as a party in interest and can move to dismiss the Debtor's Chapter 13 case and can do so by filing a one page form motion supplied to Trustee by the Clerk's office. This does not take legal expertise and appointment of counsel for Trustee in this situation is not ordinarily necessary. The debtor has an absolute right under 11 U.S.C. § 1307 to convert his own case. Upon application by a party in interest to dismiss or convert, the Court has discretion to grant either of the two remedies.

In the case at bar, no reason appears which would justify dismissal of the case or the denial to the debtor of the remedies afforded by Chapter 7 of the Bankruptcy Code.

The Court is aware that other courts do allow Trustees to deduct certain costs and fees from Chapter 13 monies received before transferring them after a conversion of the case to a Chapter 7. 11 U.S.C. § 1302 permits 5% fees to be deducted from funds handled by the Trustee. It is true that 11 U.S.C. § 327(a) permits the Trustee to employ an attorney where necessary to bring legal expertise to bear in a case. However, we are not convinced that any such expertise is necessary to file a one page form motion.

When the Clerk's office becomes aware of the default of a Chapter 13 debtor, a hearing is scheduled on a Rule to Show Cause why the debtor's Chapter 13 case should not be dismissed or converted. The Trustee is not required to attend this hearing.

An order will enter denying attorney fees to the Trustee, and ordering payment of $14.94 to the Trustee for fees and costs.

 The only other question before the Court is the disposition of the balance of $134.47 in the hands of the Chapter 13 Trustee. 11 U.S.C. § 541 defines the estate of the debtor as comprising property in debtor's hands as of the commencement of the case. Wages earned after the commencement of the case and paid to a Chapter 13 Trustee are not acquired or in the possession of the debtor as of the commencement of the case.

An order will enter for the payment of the remaining $134.47 to the Debtor.