**In re Michael Lamar PAYNE, et ux., Debtors.**

**Kyle R. WEEMS, Trustee, Plaintiff,**

v.

**Clyde A. WINSTON, d.b.a. Winston Motors, Defendant and Third–Party Plaintiff,**

v.

**Connie Jayne PAYNE, Third–Party Defendant.**

**Bankruptcy No. 1–84–02227.**
**Adv. No. 1–87–0226.**

United States Bankruptcy Court, E.D. Tennessee.

July 27, 1988.

Lorraine Raymond, Chattanooga, Tenn., for debtors.

Mark J. Mayfield, Chattanooga, Tenn., for Winston.

Kyle R. Weems, Chattanooga, Tenn., for Weems, trustee.

### MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

The chapter 7 trustee has filed this action to avoid an unperfected security interest in a 1982 Ford Escort automobile purchased by the debtor from the defendant. Crucial to the trustee's case is a finding that the 1982 Ford Escort constitutes property of the estate. An analysis of the appropriate provisions of the Bankruptcy Code leads this court to conclude that the automobile is not property of the estate and therefore not subject to the trustee's avoiding powers.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (K) (West Supp.1988).

### I.

On December 5, 1984, the debtors, Michael and Connie Payne, filed a chapter 7 petition for relief. On April 10, 1985, the debtors received a chapter 7 discharge. Upon the debtors' motion, the court vacated the discharge order and allowed the debtors to convert their chapter 7 case to a chapter 13 case on May 2, 1985. On May 30, 1985, the debtors' chapter 13 plan was confirmed.

Thereafter, on March 3, 1987, debtor Connie Payne purchased a 1982 Ford Escort automobile from the defendant. The

vehicle's purchase price was $2,250. The debtor received a $1,000 trade-in allowance on her old vehicle and signed a note for the $1,250 balance. Although the defendant took a security interest in the car to secure the debtor's note, the defendant did not perfect his security interest since he failed to note his lien on a certificate of title.

On June 8, 1987, the chapter 13 case was reconverted to a chapter 7 case upon debtors' motion. Being unable to keep up the payments on her 1982 Ford Escort, debtor Connie Payne returned the automobile to the defendant on June 13, 1987. On June 18, 1987, the defendant sold the returned automobile and applied the proceeds to the debtor's account.

Once the chapter 13 case was reconverted to a chapter 7 case, a chapter 7 trustee was appointed. The debtors received a chapter 7 discharge on October 19, 1987. The chapter 7 trustee filed an adversary complaint against the defendant in this case on October 28, 1987. The defendant then sued debtor Connie Payne in a third-party action contending that if the trustee recovers a judgment against the defendant, the defendant would be entitled to judgment against the debtor. The defendant contends that because he was neither scheduled in the debtors' bankruptcy case nor had knowledge of the case, debtors' third-party liability is nondischargeable under § 523(a)(3).

### II.

Section 549(a) of Title 11 generally empowers the trustee to avoid an unauthorized transfer of property of the estate occurring after the commencement of the case. Hence, the first basic question to be answered is whether the 1982 Ford Escort is property of the estate in this reconverted chapter 7 case.

Two lines of cases have developed over the question of whether property of the estate in a case converted from chapter 13 to chapter 7 includes property acquired after the filing of the original chapter 13 petition. Most of the cases considering this question have held that property of the estate in a case converted from a chapter

13 to a chapter 7 does not include property acquired by the debtor subsequent to the filing of the debtor's original chapter 13 petition. *See McCullough v. Luna (In re Luna)*, 73 B.R. 999 (N.D.Ill.1987); *Thrush v. Erchenbrecher (In re Erchenbrecher)*, 85 B.R. 42 (Bankr.N.D.Ohio 1988); *In re Gorski*, 85 B.R. 155 (Bankr.M.D.Fla.1988); *Arkison v. Swift (In re Swift)*, 81 B.R. 621 (Bankr.W.D.Wash.1987); *Blood v. Wineburg (In re Marshall)*, 79 B.R. 147 (Bankr.N.D.N.Y.1987); *In re Lennon*, 65 B.R. 130 (Bankr.N.D.Ga.1986); *In re Lepper*, 58 B.R. 896 (Bankr.D.Md.1986); *In re Peters*, 44 B.R. 68 (Bankr.E.D.Tenn.1984); *In re Bullock*, 41 B.R. 637 (Bankr.E.D.Pa.1984); *In re McFadden*, 37 B.R. 520 (Bankr.M.D.Pa.1984).

A number of other cases have rejected this conclusion and have held that property acquired by the debtor after filing a chapter 13 petition becomes property of the chapter 7 estate upon conversion of the chapter 13 case to a chapter 7 case. *See In re Lindberg*, 735 F.2d 1087 (8th Cir.1984), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984) (*dictum*); *Winchester v. Watson (In re Winchester)*, 46 B.R. 492 (9th Cir.BAP 1984); *Matter of Ford*, 61 B.R. 913 (Bankr.W.D.Wis.1986) (*dictum*); *In re Kao*, 52 B.R. 452 (Bankr.D.Ore. 1985); *In re Wanderlich*, 36 B.R. 710 (Bankr.W.D.N.Y.1984); *In re Tracy*, 28 B.R. 189 (Bankr.D.Me.1983).

Central to the debate is the particular court's construction of 11 U.S.C.A. § 348(a) (West 1979), the statutory provision governing the effect of conversion. To appreciate the import of § 348(a) on the issue presented, one must begin by examining the definitions of property of estate contained in the Bankruptcy Code.

Section 541 of the code provides in relevant part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or

equitable interest of the debtor in property as of the commencement of the case.

11 U.S.C.A. § 541 (West 1979 & Supp. 1988).

Section § 541 generally limits property of the estate to the debtor's interest in property as of the commencement of the case, i.e., the filing of the bankruptcy petition. In chapter 7 cases § 541 is the only applicable statutory section defining property of the estate.

In chapter 13 cases the definition of property of the estate is broadened. Section 1306 of the code provides in relevant part as follows:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C.A. § 1306(a) (West Supp.1988). By the terms of § 103(h) of the Code, § 1306 only applies in chapter 13 cases. 11 U.S.C.A. § 103(h) (West 1979).

When a case is originally filed as a chapter 13 case but later is converted to a chapter 7 case, the question arises: Which statutory section, 541 or 1306, governs the status of property acquired by the debtor after filing the chapter 13 case but before conversion to the chapter 7 case? The answer depends primarily upon how courts construe § 348(a).

Section 348(a) of the Code provides in relevant part:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a

change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C.A. § 348(a) (West 1979).

Some courts have construed § 348(a) to mean that following conversion of a case from chapter 13 to chapter 7 the date of commencement of the chapter 7 case is the date the original petition was filed. Consequently, these courts treat the converted case as if it had been a chapter 7 case all along. This means that § 541 would be the only section applicable in determining what constitutes property of the estate. Property acquired by the debtor after the petition date would therefore not be property of the estate even though it was property of the estate during the time the case was a chapter 13 case. This viewpoint is amply expressed in *In re Lepper:*

Pursuant to [348(a)] ... the court finds that conversion of the case from one under Chapter 13 to a case under Chapter 7 did not effect a change in the commencement of the overall case, which is defined under § 302 to be the filing of a petition under "a" chapter by an entity that may be a debtor under such chapter. The only petition which was filed was the filing [of the original chapter 13 petition]. The commencement of the Chapter 7 case is deemed likewise to be on [the date the chapter 13 petition was filed]. The court further finds that § 1306 was rendered inapplicable to the definition of property of the estate by conversion of the case out of Chapter 13 (*see* § 103(h)), and that at that point § 541 became the sole provision for defining the Chapter 7 estate.

58 B.R. at 898.

Other courts are convinced that § 348(a) does not require that the court treat the newly-converted case under chapter 7 as if it had been originally filed as a chapter 7 case. Although these courts agree the date of commencement of the case would be the date the original petition was filed, they maintain § 348(a) does not preclude the court from acknowledging that the case began as a chapter 13 case and remained so until the case was converted. Under this

approach property acquired by the debtor after the filing of the chapter 13 petition became property of the estate under § 1306 and upon conversion remains property of the estate in the chapter 7 case. This viewpoint is stated in *In re Tracy:*

> Section 348 does not state that upon conversion a case is to be treated as if it had been *originally filed under the chapter to which it was converted.* Section 348(a) merely specifies that the date of the filing of the petition, the commencement of the case, or the order for relief are unaffected by conversion (with certain exceptions specified in section 348(b) and (c)). To state that even after conversion from chapter 13 to chapter 7 this case is to be treated as commencing [on the date the original petition was filed] does not necessarily imply that after conversion this case must be treated as a *chapter 7* case commencing on [the date the petition was originally filed].

28 B.R. at 190.

This court concludes the reasoning in *Lepper* is the more persuasive and should be followed in this case. The analytical progression in *Lepper* is the same here: (1) the case in its current posture is a chapter 7 case; (2) the only provision defining property of the estate in a chapter 7 case is § 541; (3) except for a few exceptions not relevant here, § 541 generally limits the scope of property of the estate to the debtor's interest in property as of the commencement of the case; (4) this case was commenced when debtors filed their original petition on December 5, 1984; (5) § 348(a) states the date of commencement of the case is not affected by conversion; (6) hence, property of the estate as defined by § 541 in this chapter 7 case does not include the automobile purchased by the debtor, Connie Payne, after her original petition was filed and during her intervening chapter 13 case.

It should be remembered too that unlike the case in *Tracy*, this case was originally filed as a chapter 7 case, later converted to a chapter 13 case, and then reconverted to a chapter 7 case. Because the case was originally commenced as a chapter 7 case, it would not make sense to treat the case as if it were commenced as a chapter 13 case. Of course, one might argue that under *Tracy's* rationale, § 348(a) would not prevent the court from applying § 1306 to that property acquired after the case was converted to chapter 13 but before conversion to chapter 7. However, this position still ignores *Lepper's* point; namely, § 1306 is not applicable in chapter 7 cases.

Other arguments on this issue have been advanced by the two lines of cases in support of their respective positions. It would serve little purpose here to rehash those arguments which have been thoroughly discussed elsewhere. Suffice it to say, this court is most persuaded by the statutory analysis set forth in *Lepper*. Accordingly, the court finds that the 1982 Ford Escort acquired by the debtor after conversion of this case to a chapter 13 case but prior to conversion of the case back to a chapter 7 case is not property of the estate in this chapter 7 case.

An order will enter dismissing this lawsuit. Other issues raised by the parties in this lawsuit are rendered moot by dismissal of this case.

ENTER.