**In re Raul R. MATA and Gloria M. Mata, Debtors.**

**Bankruptcy No. 89 B 14792 E.**

United States Bankruptcy Court, D. Colorado.

June 14, 1990.

Rex T. Johnson, Colorado Springs, Colo., for debtors.

Paul T. Gefreh, P.C., Colorado Springs, Colo., interim trustee.

## OPINION AND ORDER ON CLAIM OF EXEMPTION

CHARLES E. MATHESON, Chief Judge.

This bankruptcy case was filed on November 1, 1989. At the time that the case was filed the Debtors had on deposit in their Individual Retirement Account ("IRA") the sum of $1,402.68. These funds had been deposited in the IRA shortly before the filing of bankruptcy as a result of a "rollover" from a pension plan that had been terminated. The Debtors claim that these funds are exempt from inclusion in their bankruptcy estate pursuant to the provisions of 11 U.S.C. § 522(b)(2)(A) and C.R.S. § 13–54–104(1.1) (1989 Supp.).

Pursuant to the statutory scheme of the Bankruptcy Code, essentially all of the Debtors' property became property of this estate when the case was filed. 11 U.S.C. § 541(a). The IRA thus became property of the estate because it was a self-funded account over which the Debtors retained control, thereby denying it the benefit of the "spendthrift" exemption provided by 11 U.S.C. § 541(c)(2). *In re Walker,* 108 B.R. 769 (Bankr.N.D.Okla.1989); *In re Matteson,* 58 B.R. 909 (Bankr.D.Colo.1986).

Section 522 of the Code sets up a scheme whereby debtors are permitted to exempt certain property from their estate. While the Code sets up a schedule of federal exemptions which are available to debtors, pursuant to section 522(b) the states were given the authority to "opt out" of the federal scheme. In states electing to "opt out," debtors are allowed to exempt from their bankruptcy estates "any property that is exempt under ... State or local law...." 11 U.S.C. § 522(b)(2)(A).

Colorado has elected to "opt out" of the Federal scheme. The Colorado statute specifies that "exemptions authorized to be claimed by residents of this state shall be limited to those exemptions expressly provided by the statutes of this state." C.R.S. § 13–54–107. Thus, the Debtors' right in

this case to exempt their IRA must be found, if at all, in the statutes of the State of Colorado.

Prior to the 1988 amendments to the statutes, there were no provisions under Colorado law providing any exemption for an individual IRA. The only statutory exemption pertaining in any way to retirement benefits (other than pension benefits and war veterans) had to do with wage garnishments. Under the Colorado statutes a judgment debtor was permitted to exempt from garnishment up to 75% of his net "earnings." C.R.S. § 13–54–104. For purposes of this statute "earnings" were defined as follows:

> "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, avails of any pension or retirement benefits, or deferred compensation plan, avails of health, accident, or disability insurance, or otherwise. C.R.S. § 13–54–104(b).

Because an IRA is not a pension, and funds in IRAs have not been paid in by an employer as compensation paid for personal services, this provision did not serve to exempt a debtor's IRA from levy and seizure.

In 1988, prior to the filing of this bankruptcy case, the Colorado Legislature amended the statute by the adoption of an additional provision. The new section states:

> **13–54–104. Restrictions on garnishment and levy under execution or attachment.** (1.1) For purposes of this section and only for the purpose of claiming an exemption in bankruptcy, "avails of any pension or retirement benefits or deferred compensation plan" means profits or proceeds in any pension or retirement plan or deferred compensation plan, including those in which the debtor has received benefits or payments or has the present right to receive benefits or payments or has the right to receive benefits or payments in the future and including pensions or plans which qualify under

the federal "Employee Retirement Income Security Act of 1974" as an employee pension benefit plan, as defined in 29 U.S.C. 1002, avails of any individual retirement account, as defined in 26 U.S.C. 408, and avails of any KEOGH plan, as defined in 26 U.S.C. 401.

By this new section Colorado has sought to create a special bankruptcy exemption for IRAs. Notwithstanding the caption of the section concerning "restrictions on garnishment and levy under execution or attachment," the new definitional section is applicable only "for the purpose of claiming an exemption in bankruptcy...." The result, if the statute is valid, is that immediately prior to the filing of the bankruptcy case the creditors of these Debtors could have seized the entirety of the IRA for satisfaction of their debts. However, in the bankruptcy case, the Debtors would be able to divert from the creditors 75% of the "avails" of the IRA. The question is whether the Colorado statute is valid.[1]

■ The Constitution gives Congress the authority to establish "uniform Laws on the subject of Bankruptcies throughout the United States." The United States Constitution, Article I, Section 8 cl. 4. Congress has chosen to exercise that right in adopting the Bankruptcy Code. Having done so, the authority of the states to pass separate laws concerning insolvents and bankrupts has been pre-empted. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Nevertheless, it has been recognized that the "uniformity" mandated by the Constitution is one of a geographical nature and Congress can permit the scope of exemptions in bankruptcy to be determined by the laws of the various states. *Hanover National Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1901). Congress elected this approach in adopting 11 U.S.C. § 522(b).

The Code allows debtors to "exempt" from property of the estate any property that is "exempt" under federal law, or state or local law. 11 U.S.C. § 522(b)(2)(A).

---

1. Notice has been given to the State of Colorado pursuant to 28 U.S.C. § 2403(b), but the State has elected to not participate in the resolution of the issue before the Court.

The concept of "exemptions" pertains to the right of judgment debtors to protect their property in whole or in part from garnishment or levy by the judgment creditor. "Exemption" has been defined as follows:

An exemption is a privilege or right granted by law—on grounds of public policy for a humane and generous purpose—to a debtor to enable him to retain a portion of his property free from judicial seizure and sale by his creditors. 31 Am.Jur.2d Exemptions, Section 1, p. 650.

The court in *In re Pritchard*, 75 B.R. 877 (Bankr.D.Minn.1987) aptly described the function of an exemption when it stated:

The central and common characteristic of exemption statutes is the shelter they afford from claims of otherwise-unsecured judgment creditors acting under collection process. Because exemptions have no legal existence independent of statute, it perforce follows that one must look to a particular statute's language to see whether it contains the provisions that make it an exemption statute. *Ibid* at 879.

In the matter before the Court, the so-called "exemption" afforded to IRAs is not one which serves to protect a judgment debtor's IRA from execution and levy. Indeed, as noted above, before the filing of the bankruptcy petition in this case, the Debtors' IRA was fully exposed to the claims of levying creditors. Instead, the Colorado statute seeks to exempt and protect 75% of the "avails" of the IRA from the reach of the trustee in bankruptcy who, in effect, stands as a levying creditor on the Debtors' assets for the use and benefit of all creditors.

The Colorado statute is not an exemption statute. It does not protect IRAs from levying creditors. What it does is to establish a separate state-created bankruptcy exemption. The right to legislate bankruptcy exemptions, however, is reserved to Congress by the Constitution. Bankruptcy exemptions adopted by Congress must be uniform as to the states. While is it constitutionally permissible for Congress to permit state exemptions to apply in bankruptcy, *Hanover v. Moyses, supra,* it is not permissible for states to seek to enact two different levels of exemptions, one applicable in bankruptcy and one without. There is nothing in the Code or in the legislative history underlying its adoption indicating that Congress intended to delegate such authority to the various states.

A California statute which sought to establish a separate exemption scheme for bankruptcy cases was found to be invalid by the court in the case of *In re Lennen*, 71 B.R. 80 (Bankr.N.D.Cal.1987). The court there made note of the geographical uniformity mandated by Article I, Section 8 of the Constitution and concluded:

Measured by the geographic uniformity test, the exemption scheme of section 703.140 must fail. The exemptions made available there apply *only* to a debtor in federal bankruptcy court; they are not available to a next-door neighbor who has not filed a bankruptcy petition. In addition, the statutory wording of section 522(b)(2)(A) that the debtor may claim property as exempt under "State or local law that is applicable" should not, in view of constitutional considerations, be interpreted so liberally as to authorize a state exemption scheme which is applicable only in federal bankruptcy court. *Ibid* at 83.

This Court concurs with the result reached by the *Lennen* court. The State of Colorado may freely adopt exemption statutes which serve to exempt a judgment debtor's assets from levy and execution by judgment creditors in this state. Those statutes will also allow debtors to exempt those same assets from the reach of the trustee in bankruptcy pursuant to 11 U.S.C. § 522(b)(2)(A). That is the scheme mandated and approved by Congress. However, the State of Colorado cannot, under the guise of adopting an exemption statute, adopt a federal bankruptcy exemption for Colorado residents who file bankruptcy.

Section 13–54–104(1.1) of the Colorado Revised Statutes is an impermissible excursion by the State of Colorado into an area reserved to Congress and is invalid. Thus,

the Debtors here cannot, pursuant to an invalid statute, shelter their IRA from the claims of their creditors.

Having considered the matter and pursuant to the findings and conclusions stated herein, it is

ORDERED, that the Debtors' claim of exemption to the funds in the IRA is DENIED; and it is

FURTHER ORDERED, that the Debtors shall, within twenty (20) days from the date of entry of this order, turn over to the Trustee all funds held in said account.