**In re Ginger Lea MARCUS, Debtor(s).**

**Bankruptcy No. 88 B 17455 C.**

United States Bankruptcy Court, D. Colorado.

June 7, 1991.

M. Stephen Peters, Wheat Ridge, Colo.

John A. Cimino, Denver, Colo.

**MEMORANDUM, OPINION AND ORDER REGARDING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION**

PATRICIA A. CLARK, Bankruptcy Judge.

This matter comes before the Court upon the Chapter 7 trustee's (Trustee) objection to the debtor's claim of exemption and the response thereto filed by the debtor, Ginger Lea Marcus (Debtor). Briefs were filed, a hearing was held and oral argument was presented.

The relevant facts are as follows: On December 20, 1988, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. The Court confirmed the Debtor's plan on May 10, 1989. In the Debtor's Chapter 13 schedules, the debtor disclosed an interest in two individual retirement accounts (IRA's) totaling $4,746 and claimed as exempt property $3,559.50 of those IRA's pursuant to Section 13-54-102, C.R.S. No exemption exists for IRA's under the above statute. The only relevant statute in effect as of the date of the filing of the petition relating to exempting an IRA in bankruptcy was Section 13-54-104(1.1), C.R.S., which stated that 75% of the "avails" from an IRA account constituted exempt property for bankruptcy purposes. On June 14, 1990, Chief Judge Matheson determined that Section 13-54-104(1.1), C.R.S., was unconstitutional as it created two different levels of exemptions, one for individuals in bankruptcy and a second less permissive scheme for those not in bankruptcy. *In re Mata*, 115 B.R. 288 (Bankr.D.Colo.1990). As a result, debtors in Colorado bankruptcies are not currently entitled to claim any exemption in an IRA account and the entire balance of an IRA constitutes nonexempt property of the estate. On October 12, 1990, the Debtor converted her case to one under Chapter 7. On December 6, 1990, in accordance with Bankruptcy Rule 4003(b) and within 30 days after the Section 341 meeting occurred, the Trustee filed an objection to the Debtor's claim of exemption in the above-mentioned IRA accounts, arguing the Debtor's claim was invalid in its entirety under the *Mata* rationale.

The Trustee argues that the claim of exemption should fail because the Debtor did not identify the correct exemption statute when the claim of exemption was made. He also maintains that if the Court does not rule against the Debtor because of the technical deficiency under the test enunciated by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the *Mata* decision should be applied retroactively so as to deny the Debtor's claimed exemption. Alternatively, the Trustee maintains that if the Court decides not to apply *In re Mata* retroactively, the Court should find the Debtor is only entitled to a 75% exemption in the avails of her IRA's under Section 13–54–104(1.1), C.R.S., and is not entitled to any exemption in the corpus of her IRA.

The Debtor asserts that at the time the petition for relief under Chapter 13 was filed, Section 13–54–104(1.1), C.R.S., was valid and in effect and she relied on its provisions in reaching her decision to file for bankruptcy. She contends it would violate due process considerations and would be inequitable if the Court were to apply the *Mata* holding retroactively, thus nullifying her claim of exemption. Further, the Debtor states a ruling by this Court allowing a retroactive application of the *Mata* decision would create an administrative nightmare because it would require the U.S. Trustee to review every case pending at the time of the *Mata* decision, and re-open all cases involving IRA exemptions.

The parties have failed to identify the threshold issue which must be decided by the Court. Namely, the issue is whether, when a debtor converts a case from a Chapter 13 to one under Chapter 7, the date of conversion determines the date for claiming exemptions or whether the date of the original filing of the Chapter 13 petition controls. If the answer to the above question is that the date of conversion controls, then the retroactive analysis is unnecessary. Numerous courts have considered the issue.

In *In re Winchester*, 46 B.R. 492 (9th Cir. BAP 1984), the Bankruptcy Appellate Panel for the Ninth Circuit held that the date of conversion from a Chapter 13 to a Chapter 7 determines the applicable exemptions which can be claimed in the Chapter 7 estate. The Eighth Circuit echoed this position in *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984), and thus in *Lindberg*, the debtor was entitled to claim a different homestead exemption than was designated when the Chapter 13 case was filed. *See also In re Salamone*, 46 B.R. 19 (Bankr.E.D.N.Y.1984); *In re Lybrook*, 107 B.R. 611 (Bankr.N.D.Ind. 1989); *In re Mutchler*, 95 B.R. 748 (Bankr. D.Mont.1989) (Chapter 12 conversion to Chapter 7).

The courts' authoring the above decisions have examined the purposes behind claiming exemptions in Chapter 13 cases. In a Chapter 13 case "debtors list exemptions for limited purpose[s] [and] only to permit creditors to determine whether the Chapter 13 plan should be accepted, and for the court to determine in confirming the plan that the creditors would receive more under the plan than they would in a Chapter 7 liquidation." *In re Lindberg*, 735 F.2d at 1089.[1] The *Winchester* court stated that claiming exemptions in a Chapter 13 could serve the additional purpose of avoiding liens upon exempt property pursuant to 11 U.S.C. § 522(f) and (h). The court also held

> [T]here is no need for the debtor to have the protection of a true exemption in a Chapter 13 case because Section 1306(b) allows the debtor to remain in possession of all of the property of the estate. Additionally, Section 1327(b) vests all the property of the estate in the debtor upon confirmation of a plan.

46 B.R. at 494.

This Court can envision a further rationale for claiming exemptions in a Chapter 13 case. If the debtor receives a personal injury cash settlement, those funds could be considered disposable income which must be dedicated to the plan pursuant to 11 U.S.C. § 1325(b)(1)(B). Claiming a valid

---

1. The *Lindberg* court also examined Bankruptcy Rule 1019(1) and Bankruptcy Rule 4003(a) and concluded they strongly suggest the conversion date controls for purposes of claiming exemptions.

exemption in those moneys eliminates that necessity. *See In re Keyworth*, 47 B.R. 966 (D.Colo.1985).

Both the *Winchester* and *Lindberg* courts indicate that in a Chapter 7 case, exemptions serve a more meaningful purpose. A trustee is appointed who possesses a statutory duty to collect all property of the estate and reduce it to funds for distribution to creditors. Exempting property from a Chapter 7 estate has the effect of removing assets from the pool of property to be liquidated by the trustee. The Court finds the arguments advanced in the *Winchester* and *Lindberg* cases as they relate to exemptions to be persuasive, and holds that on the date of conversion of a Chapter 13 case to one under Chapter 7, the exemption law in effect as of the conversion date is controlling.

This decision is logical when considered in the context of other ramifications occurring upon conversion from Chapter 13 to Chapter 7. When "a case converted to a Chapter 7 [it] is treated by the Code in many respects as a new filing upon conversion." *In re Salamone*, 46 B.R. at 24. Pursuant to 11 U.S.C. § 348(a)

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Thus, while an order for relief enters upon conversion, the date of the commencement of the case remains unchanged. Under 11 U.S.C. § 541, the date of the commencement of the case determines what constitutes property of the estate. But in a Chapter 13 case, 11 U.S.C. § 1306(a)(1) expands that definition by including in the estate "all property ∴.. that the debtor acquires after commencement of the [Chapter 13] case but before the case is ... converted to a case under Chapter 7...."

11 U.S.C. § 1306(a)(1). Upon confirmation of the Chapter 13 plan, the property of the estate revests in the debtor pursuant to 11 U.S.C. § 1327(b), and the debtor is free to dispose of the property in any way desired, subject of course to the limitations contained in the confirmed plan. Consequently, "by the time of conversion the estate may have been changed completely in character and amount." *In re Winchester*, 46 B.R. at 495. Since 11 U.S.C. § 348(d) also entitles the debtor to discharge in a Chapter 7 claims which arose after commencement of the Chapter 13 case but prior to the conversion to Chapter 7, the after-acquired property of a Chapter 13 debtor should rightfully be included in the Chapter 13 estate. As stated in *In re Lybrook*, 107 B.R. at 613:

> A proper reading of § 348 indicates that it is not a source of disruption but, instead, preserves the continuity of the bankruptcy proceedings.... It is not designed to change what has gone before but, rather, to leave matters as they exist on the date of conversion.... When § 348 is viewed as a source of continuity, the plain language of § 541 becomes susceptible to the conclusion that the bankruptcy estate, following conversion from Chapter 13 to Chapter 7, is the Chapter 13 estate.

*See In re Schmeltz*, 114 B.R. 607 (Bankr.N. D.Ind.1990); *In re Winchester, supra, In re Lindberg, supra, In re Kao*, 52 B.R. 452 (Bankr.D.Ore.1985); *In re Tracy*, 28 B.R. 189 (Bankr.D.Me.1983); *In re Richardson*, 20 B.R. 490 (Bankr.W.D.N.Y.1982). This Court adopts the reasoning espoused in the *Lybrook* case.[2] The debtor should be able to claim exemptions in relation to the estate as it exists on the date of conversion.

When the debtor converted her case to one under Chapter 7, her Chapter 7 estate included all property which existed on the date of filing of her original Chapter 13 petition, plus all after-acquired property included in her Chapter 13 estate. The exemption laws in effect on the date of conversion were controlling. In the subject

---

**2.** But *see In re Marshall*, 79 B.R. 147 (Bankr.N. D.N.Y.1987); *In re Lepper*, 58 B.R. 896 (Bankr. D.Md.1986); *In re Luna*, 73 B.R. 999 (N.D.Ill. 1987); *In re Lennon*, 65 B.R. 130 (Bankr.N.D.Ga.

1986); which hold that after-acquired property of the Chapter 13 estate is not property of the Chapter 7 estate upon conversion.

case, at the time of conversion, Section 13–54–104(1.1), C.R.S., had been declared unconstitutional by Judge Matheson in the *Mata* case, and thus the debtor was not entitled to the exemption for her IRA accounts. Therefore, the entire amount of the debtor's IRA's as they existed on October 12, 1990 (corpus and avails included) are part of the debtor's Chapter 7 estate. Although in this particular case the Court's decision is detrimental to the debtor, it will not always be the result. In the *Lindberg* case for example, the debtors were entitled to a more favorable homestead exemption because of the decision that the date of conversion controls the date for claiming exemptions.

ORDERED that the entire amount of the debtor's two IRA's, as they existed on October 12, 1990, constitutes nonexempt property of the debtor's Chapter 7 estate.

FURTHER ORDERED that the debtor shall turn over to the Chapter 7 trustee the funds in those IRA's as they existed on October 12, 1990 within 30 days of the date of entry of this Order.