**In re Raymond W. WHITE, SS # not provided, and Barbara E. White, SS # not provided, dba White Farms, Employer ID No. 85–0268279, fdba Access Unlimited, Debtors.**

**John D. FOULSTON, in his capacity as trustee for the bankruptcy estate of Raymond White and Barbara White, dba White Farms, Plaintiff,**

v.

**Raymond WHITE and Barbara White, Defendants.**

**Bankruptcy No. 7–89–00397 ML.
Adv. 92–1037 M.**

United States Bankruptcy Court,
D. New Mexico.

March 10, 1993.

make a capital contribution are those specified   in the agreement.

Property, And For Embezzlement. Having considered the complaint, the briefs, the argument of counsel, and otherwise being fully informed and advised, the Court finds that all property in the Debtors' Chapter 12 estate, including any funds included pursuant to section 1207, are part of the post conversion Chapter 7 estate. The Court finds that the Debtors failed to turn over to the Chapter 7 trustee $133,695.94. The Court need not reach the Plaintiff's claim of embezzlement, as the Plaintiff withdrew that claim at trial.

## FACTS

Raymond and Barbara White ("Debtors") filed for Chapter 12 bankruptcy protection on February 16, 1989. During the pendency of the bankruptcy proceeding, the Debtors maintained an account with Continental National Bank of El Paso. During this period, the Debtors accumulated funds in the account. During this period, the Debtors also accumulated various accounts receivable relating to the sale of crops.

The Debtors' Chapter 12 plan was confirmed on September 23, 1989. The confirmed plan provided that most of the property in the Chapter 12 estate would be revested in the Debtors, including any funds which may have been in the account at Continental National Bank. The Debtors' Chapter 12 bankruptcy was converted to a Chapter 7 proceeding on February 2, 1990. On or about the date of conversion, the account at Continental National Bank had a balance of $89,663.32. These funds represented the proceeds from the sale of crops. The Debtors deposited additional funds in this account, some of which may have represented payment for various outstanding accounts receivable. The Debtors also collected various accounts receivable existing at the date of conversion. These funds were not turned over to the Chapter 7 Trustee.

The Debtors made various withdrawals and payments from this account, and these withdrawals and payments eventually equaled the sum of the account. No payments or withdrawals from this account were authorized by the Court.

Leonard K. Martinez–Metzgar, Office of the U.S. Trustee, Albuquerque, NM, for plaintiff.

Robert G. Kavanagh, Albuquerque, NM, for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on Plaintiff's Complaint To Recover An Unauthorized Transfer, For Turnover Of Estate

## DISCUSSION

The issues before this Court are whether there was a transfer of estate funds, post petition and whether that transfer, if any, was unauthorized. The Plaintiff asserts that the funds contained in the account at Continental National Bank and the proceeds of accounts receivable collected during the pendency of the bankruptcy proceeding are property of the bankruptcy estate. The Plaintiff relies on *Calder v. Payne (In re Calder)*, 973 F.2d 862 (10th Cir.1992), for the holding that all property in a debtor's Chapter 13 estate, including any funds included pursuant to section 1306, are part of the post conversion Chapter 7 estate. From this holding, the Plaintiff then asserts that the same is true upon conversion from Chapter 12, as sections 1306 and 1207 are virtually identical.[1] This Court agrees that *Calder* is dispositive on the issue of whether the funds contained in the account at Continental National Bank and the proceeds of the accounts receivable are estate property.

The facts of *Calder* are straightforward. The issue before the *Calder* court was whether certain post Chapter 13 earnings were part of the Chapter 7 estate when Calder reconverted from Chapter 13 to Chapter 7.

As noted by the *Calder* court, the "issue requires an analysis of the interplay between 11 U.S.C. sections 541, 1306, and 348." *Calder* at 865. The *Calder* court stated:

> Section 541 provides that the bankruptcy estate is created upon the commencement of a case.... Section 1306 expands the Chapter 13 estate beyond its composition as described in section 541.... In describing the effects of conversion, section 348 does not directly address the composition of the bankruptcy estate. It states only that, with certain exceptions, conversion 'does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.' 11 U.S.C. § 348(a).

*Id.* quoting *Robb v. Lybrook (In re Lybrook)*, 107 B.R. 611, 612 (Bankr.N.D.Ind. 1989), *aff'd, Matter of Lybrook*, 951 F.2d 136 (7th Cir.1991). Section 348 should not be perceived as a source of disruption, but instead should be viewed as preserving "the continuity of the bankruptcy proceedings." *Calder* at 866. Given that section 348 is to be viewed as a source of continuity, "the plain language of section 541 easily becomes susceptible to the conclusion that the bankruptcy estate, following conversion from Chapter 13 to Chapter 7, is the Chapter 13 bankruptcy estate." *Id.* quoting *In re Lybrook*, 107 B.R. 611, 613.

The Defendant asserts that the accounts receivable and the funds contained in the bank account were not property of the Chapter 12 estate upon conversion to Chapter 7, thus making the holding of *Calder* inapplicable. The Defendants argue that the holding of *Calder* applies only to those assets contained in the Chapter 12 estate on the date of conversion. The accounts receivable and the funds contained in the bank account were revested in the Debtors upon confirmation of the Debtors' Chapter 12 plan. If these assets were not property of the Chapter 12 estate upon the date of

---

1. 11 U.S.C. 1306(a) states:

    Property of the estate includes, in addition to the property specified in section 541 of this title—
    (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11 or 12 of this title, whichever occurs first; and
    (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

    11 U.S.C. 1207(a) states:
    Property of the estate includes, in addition to the property specified in section 541 of this title—
    (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 of this title, whichever occurs first; and
    (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 of this title, whichever occurs first.

conversion to Chapter 7, the Debtors assert that these funds could not become part of the subsequent Chapter 7 estate.

This argument, however, must fail. Upon conversion, the unconsummated Chapter 12 plan does not bind the Debtors. *In re Muzzey,* 134 B.R. 800, 807 (Bankr. D.Vt.1991). During the period between confirmation and discharge, the rights of the creditors will be governed by the plan, but the effect of the plan will be subject to defeasance if the debtor fails to obtain a discharge. Collier, 5 *Collier On Bankruptcy,* § 1227.01 (15th ed. 1992). In the instant case, the Debtors did not obtain a discharge. Thus, the plan is subject to defeasance and all property included in the bankruptcy estate pursuant to section 541, supplemented by all property included pursuant to section 1207 is property of the post conversion Chapter 7 bankruptcy estate.

"Property of the [Chapter 12] estate includes all property of the kind specified in such section that the debtor *acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7 of this title....*" 11 U.S.C. 1207(a)(1) (emphasis added). Crops in the ground on the date of filing, or planted during the pendency of the Chapter 12 petition thus became property of the Chapter 12 estate. Proceeds from those crops were also property of the Chapter 12 estate, and, thus, upon conversion, became property of the Chapter 7 estate.

As the accounts receivable and funds contained in the bank account are property of the Chapter 7 estate, it is necessary for this Court to determine the amount that should have been turned over to the Chapter 7 trustee. The parties have stipulated that the account at Continental National Bank contained $89,663.32 on or about the date of conversion, and that this amount represented the proceeds for the sale of crops. The Plaintiff asserts that the Debtors received additional sums which were deposited in the account and that these sums also represented proceeds from the sale of crops.

The Plaintiff presented evidence at trial that the Debtors received several checks which were deposited in the account. Plaintiff, however, proved only that one of these checks represented the proceeds from the sale of crops. Testimony inconsistently stated that this check was either in the amount of $44,032.62 or $44,321.62. As the check itself was never entered into evidence, this Court finds that the check was in the lesser of the two amounts, $44,032.62. This check represented the proceeds from the sale of the Debtors' onion crop. While the Plaintiff showed that the Debtor received several other checks which were deposited in the account at Continental National, Plaintiff failed to prove that these checks represented proceeds from the sale of crops, or were for payment of accounts in existence on the date of conversion to Chapter 7.

## CONCLUSION

Thus, this Court finds that $133,695.94, the sum of the amount in the account on or about the date of conversion plus the proceeds from the sale of the onion crop, was retained by the Debtors for their own use, without authorization from this Court. These funds represent the proceeds from the sale of crops which were property of the Chapter 12 estate. As such these funds became property of the Chapter 7 estate upon conversion and should have been turned over to the Chapter 7 trustee. Thus, the Plaintiff is entitled to judgment against the Defendants for $133,695.94.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.