In re Raymond WHITE, Barbara White, Debtors.

John D. PHILLIPS, in his capacity as Successor Trustee for the Bankruptcy Estate of Raymond White and Barbara White, d/b/a White Farms, Plaintiff-Appellee.

v.

Raymond WHITE, Barbara White, doing business as White Farms, Defendants-Appellants.

No. 93-2299.

United States Court of Appeals, Tenth Circuit.

May 26, 1994.

Robert G. Kavanagh of Threet & King, Alburquerque, NM, for plaintiffs–appellants.

John D. Phillips, Dana L. Cox of Montgomery & Andrews, P.A., Albuquerque, NM, for defendant-appellee.

Before TACHA, BRORBY and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

In this case, we are called upon to decide what property is included in the bankruptcy estate upon the conversion from Chapter 12 to Chapter 7. This requires an interpretation of sections 348, 541, and 1207 of the Bankruptcy Code. We hold the proceeds earned from crops before the conversion but during the pendency of bankruptcy are part of the bankruptcy estate.

Barbara and Raymond White (the "Debtors") are farmers who filed for relief under Chapter 12 of the Bankruptcy Code. They proposed a plan specifying "[u]pon confirmation of the plan, all of the property of the Chapter 12 estate shall vest in the debtors." The bankruptcy court entered an order stipulating the proposed plan would be confirmed if the Debtors met several conditions: the Debtors must have available specified sums of money (1) for the following year's operating capital and (2) to make their first plan payments to major secured creditors. The order asserted if the Debtors did not meet these conditions the automatic stay would be lifted, the case would convert to a case under Chapter 7, and their "equipment and collateral" would be turned over to secured creditors for liquidation. The order explicitly stated the Chapter 12 reorganization plan was confirmed "[s]ubject to the provisions of [the] Order."

The Debtors did not meet the conditions for confirmation, and accordingly, the case was converted to a case under Chapter 7. On the date of conversion, the Debtors had in their possession proceeds from the sale of crops and had accounts receivable from their continuing farming operations. The total of the proceeds and the accounts receivable was $133,695.94. The Debtors did not receive a discharge from their debts prior to the conversion, however, the Debtors did not turn the crop proceeds or the accounts receivable over to the Chapter 7 Trustee.

Because the Debtors did not turn over any of the crop proceeds to the Chapter 7 trustee, the trustee filed an adversary proceeding seeking return of the assets to the estate. The Debtors argued the property collected during the pendency of the Chapter 12 proceedings were not assets for the Chapter 7 estate. The bankruptcy judge found the crop proceeds and accounts receivable to be property of the Chapter 7 estate and awarded judgment in favor the trustee and against

the Debtors in the amount of $133,695.94. The district court affirmed, holding under *In re Calder*, 973 F.2d 862 (10th Cir.1992) (Chapter 13 case), the assets were property of the estate. The Debtors contend the district court erred because the *Calder* case does not apply to a Chapter 12 case where the property is in the dominion of the debtors pursuant to a plan of reorganization.[1]

■ We review de novo conclusions of law by the district court and the bankruptcy court. *In re Fingado*, 995 F.2d 175, 178 (10th Cir.1993). The bankruptcy court's findings of fact are not to be set aside unless clearly erroneous. *In re Schneider*, 864 F.2d 683, 685 (10th Cir.1988). In this case, the facts are not contested on appeal, and we therefore consider them undisputed.

■ In the Chapter 13 case *In re Calder*, we determined that upon conversion from Chapter 13 to Chapter 7 all property of the Chapter 13 estate, including after-acquired property that is property of the Chapter 13 estate pursuant to § 1306(a),[2] is included in the Chapter 7 estate. 973 F.2d at 866 (following *In re Lybrook*, 107 B.R. 611, 612 (Bankr.N.D.Ind.1989), *aff'd*, 951 F.2d 136 (7th Cir.1991)). When analyzing a question under Chapter 12 it is appropriate to consider Chapter 13 cases as "Chapter 12 was closely modeled after Chapter 13." *In re BDT Farms, Inc.*, 21 F.3d 1019, 1022 n. 4 (10th Cir. April 12, 1994) (citing Chapter 12's legislative history). A conversion from Chapter 12 to Chapter 7 is identical to a conversion from Chapter 13 to Chapter 7, because sections 1306 and 1207 are virtually identical. Therefore, *Calder* is dispositive on the issue of whether the funds in the Chapter 12 bankruptcy estate become part of the Chapter 7 estate.

■ The holding in *Calder* is clear: property in the bankruptcy estate under Chapter 13, and by analogy under Chapter 12, remains in the bankruptcy estate upon conversion to Chapter 7. In *Calder* we held:

"Through § 1306, the estate acquires an interest in the property debtor acquires between the date of the petition and the date of conversion. By its terms, § 541(a)(7) [defining property of the estate] is broad enough to include this postpetition property in the Chapter 7 bankruptcy estate, following conversion from Chapter 13."

973 F.2d at 866 (quoting *Lybrook*, 107 B.R. at 612.) As noted in the *Calder* decision, under any Chapter of the Bankruptcy Code, property of the estate includes

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate....

(7) Any interest in property that the estate acquires after the commencement of the case.

§ 541(a)(6) and (7). Accordingly, the Chapter 12 estate acquires an interest in the property a Chapter 12 debtor acquires between the date of the petition and the date of conversion. This property becomes part of the Chapter 7 estate upon conversion.

■ The Debtors argue the accounts receivable and the crop proceeds were not part of the Chapter 12 estate because the reorganization plan had been confirmed by the bankruptcy court. However, the confirmation of the reorganization plan was conditional, and the Debtors failed to meet the conditions of the plan. The bankruptcy court never entered a formal confirmation order, and the Debtors do not dispute the fact that their debts were never discharged. The property remained part of the Chapter 12 estate. As per *Calder*, this property became part of the Chapter 7 estate upon conversion.

We find no error in the district court's conclusion of law applying *Calder*. Accordingly, we **AFFIRM**.

---

**1.** They also contend the court misapplied the law as stated in the treatise on bankruptcy law, *Collier on Bankruptcy*. *See* 5 *Collier on Bankruptcy* ¶ 1227.01, at 1227–2 to –3 (Lawrence P. King ed., 15th ed. 1994).

**2.** All sections referred to in this decision are sections of the Bankruptcy Code, 11 U.S.C.