51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: William George FLOYD, also known as Bill Floyd, Debtor.
Kimberly Dawn BAKER, Plaintiff-Appellee,
v.
William George FLOYD, also known as Bill Floyd, Defendant-Appellant.
 No. 94-6363.
(D.C. No. CIV-94-1151-T)
 United States Court of Appeals, Tenth Circuit.
 March 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Defendant William George Floyd, the debtor, appeals from the decision of the district court that upholds the bankruptcy court's determination in this adversary proceeding that a personal injury judgment against defendant in favor of plaintiff Kimberly Dawn Baker is not a dischargeable debt. We have jurisdiction under 28 U.S.C. 158(d), and affirm.
 
 
 2
 This proceeding arises out of a traffic accident. Plaintiff obtained a judgment against defendant for her personal injuries. After defendant filed bankruptcy, plaintiff filed this adversary proceeding, asserting that his debt to her was not dischargeable because he was intoxicated at the time of the accident. See 11 U.S.C. 523(a)(9). The bankruptcy court heard evidence and decided that the preponderance of the evidence, see Grogan v. Garner, 498 U.S. 279, 291 (1991), showed that defendant was intoxicated at the time of the accident and, therefore, his debt to plaintiff was not dischargeable.
 
 
 3
 We review the bankruptcy court's findings of fact for clear error. Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir.1994). Based upon our review of the briefs and the record on appeal, we find that the bankruptcy court's determination that defendant was intoxicated at the time of the accident is not clearly erroneous.
 
 
 4
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument