54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: Alfred Thielen WHATLEY, also known as Alfred T.
Whatley, also known as Al Whatley, also known as
T. Whatley, Debtor,
WHATLEY RANCH JOINT VENTURE, LTD., Appellant,
v.
Alfred Thielen WHATLEY, also known as Alfred T. Whatley,
also known as Al Whatley, also known as T.
Whatley, Appellee.
 No. 94-1426.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Whatley Ranch Joint Venture, Ltd., appeals from the district court's decision upholding the bankruptcy court determinations disallowing appellant's claim against the bankruptcy estate of Alfred Thielen Whatley, affirming the Chapter 11 plan for reorganization, and approving the sale of the Whatley Ranch to Submit Ranch, Ltd.[1] The district court determined that the appeal was moot because appellant had failed to obtain a stay of the sale of the Whatley Ranch. In the alternative, the district court addressed the merits of appellant's claims and affirmed the bankruptcy court's decision.
 
 
 3
 This court has jurisdiction under 28 U.S.C. Sec. 158. We review the bankruptcy court's findings of fact under a clearly erroneous standard and both the bankruptcy and district court's legal determinations de novo. Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994).
 
 
 4
 The parties assert that the question of mootness turns, in part, upon whether the bankruptcy court approved the sale of the Whatley Ranch as part of the plan of reorganization or pursuant to 11 U.S.C. Sec. 363. The record before this court on appeal, however, does not lend itself to a clear resolution of this issue. Nonetheless, because appellant's arguments, considered on the merits, are in any event unpersuasive, we will assume that the appeal is not moot and address the merits of appellant's claims.
 
 
 5
 In October 1985, appellant entered into an option contract with Mr. Whatley for the purchase of the Whatley Ranch. Mr. Whatley terminated that contract in October 1990. Following Mr. Whatley's filing for Chapter 11 bankruptcy relief, appellant asserted a claim against the estate seeking to recover the option payments it had previously made to Mr. Whatley, prior to the termination of that agreement, in addition to sums appellant expended in preparation for the development of the Whatley Ranch. After an evidentiary hearing, the bankruptcy court determined that Mr. Whatley had properly terminated the option contract prior to appellant's exercise of its option to purchase any of the three parcels of property comprising the Whatley Ranch and, pursuant to the terms of that agreement, Mr. Whatley was entitled to retain the option payments made prior to that termination. The bankruptcy court also determined that appellant had no basis for a claim against Mr. Whatley's bankruptcy estate for money appellant expended in pursuing possible development opportunities involving the ranch.
 
 
 6
 Appellant argues that, in affirming the bankruptcy court's determination that appellant did not have any claim against the bankruptcy estate, the district court committed three errors. Appellant's Br. at 31. First, appellant argues that it has a claim for restitution against the bankruptcy estate to recover the option payments made to Mr. Whatley prior to his termination of the contract. Id. at 32.
 
 
 7
 It is not apparent from the record before this court that appellant ever raised this specific argument before either the bankruptcy or the district court. See, e.g, Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (generally appellate court will not consider issue raised for first time on appeal); see generally Jetcraft Corp. v. Flight Safety Int'l, 16 F.3d 362, 366 (10th Cir. 1993) (under 10th Cir. R. 10.3.2(a) and 28.2(c), (d), appellant has burden of providing statement in brief indicating where issue was raised to and ruled upon by trial court).
 
 
 8
 Nevertheless, even considering the merits of this argument, appellant is not entitled to relief. The remedy of restitution is available in contract actions where necessary to avoid the unjust enrichment of one party at the expense of the other. See, e.g., Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc., 821 P.2d 788, 794-95 (Colo. 1991) (en banc). The option contract at issue here, however, explicitly provided the following:
 
 
 9
 Section 7.11. Failure to Purchase. In the event Purchaser fails to purchase the B Property on or before the [fifth] anniversary of the Agreement Closing Date, [see Appellant's App. at 801 (p 6B, first amendment to option contract),] and/or fails to satisfy the Purchase Requirements set forth in this article, and Seller has given Purchaser notice of the failure to satisfy such requirements ("Seller's Purchase Notice") and Purchaser has failed to satisfy such requirements on or before the twentieth day after Seller's Purchase Notice, Purchaser shall be in default under this Agreement and, at Seller's election, Purchaser's option to purchase any remaining portions of the Property pursuant to this Agreement will terminate upon Seller's notice of termination.
 
 
 10
 Section 7.12. Seller's Remedy. Seller's remedy in the event of a termination of this Agreement pursuant to this article shall be his right to retain all Option Payments made prior to the termination of this Agreement....
 
 
 11
 Appellant's App. at 734-35; see also id. at 726 ("Except as provided in Section 17.5 [addressing Purchaser's right to terminate option contract for Seller's failure to cure title defects, see id. at 749], all Option Payments shall be nonrefundable ...."); id. at 799 (same language in first amendment to option contract); see generally id. at 727 ("In the event of a termination of the option rights under this Agreement [as a result of Purchaser's failure to make timely option payments], Seller will have the right to retain all Option Payments made prior to such termination."); id. at 827 (similar provision in second amendment to option contract).
 
 
 12
 Because the contract expressly provides that Mr. Whatley will retain all option payments already made at the time he terminates the agreement, there is no unjust enrichment requiring application of a restitution remedy. Mr. Whatley has received only that to which he is entitled pursuant to the terms of the parties' option contract.
 
 
 13
 Appellant next asserts that Mr. Whatley's own material breaches of the contract prevented him from insisting upon appellant's forfeiture of the option payments made prior to the termination of the contract. Appellant's Br. at 39. The district court affirmed the bankruptcy court's determination that any breach of the agreement committed by Mr. Whatley was immaterial. The record fully supports this determination.
 
 
 14
 Lastly, appellant asserts that it retained a right to purchase one of the three parcels of land comprising the Whatley Ranch, Parcel A, that survived termination of the option contract. Appellant's Br. at 42-43. The express language of the contract, along with the evidence in the record, belie this argument. The option contract clearly provides that while the Purchaser shall have the right to acquire the A Property "at any time during the Term of the Agreement," Appellant's App. at 730 (Section 7.1), subject to the satisfaction of other conditions specified in the contract, the term of the agreement would terminate on the tenth anniversary of the agreement, id. at 800 (amendment to Section 2.51), October 1, 1995, "unless sooner terminated pursuant to the terms and conditions of this Agreement," id. at 725 (Section 2.51). Appellant never exercised its right to purchase the A Property prior to Mr. Whatley's termination of the option agreement in October 1990.
 
 
 15
 Further, appellant does not specifically challenge the bankruptcy court's determination that the creation and government approval of a development plan was a prerequisite to the exercise of appellant's option to purchase any of the ranch property. See Appellant's App. at 469-70. The record indicates, however, that appellant never produced any such plan. At the time of the contract's termination, therefore, appellant was not in a position to exercise its option to purchase any of the ranch property because it had not yet satisfied all of the prerequisites to the exercise of its option.
 
 
 16
 For these reasons, we affirm the district court's decision upholding the bankruptcy court's denial of appellant's claim against the bankruptcy estate. Because the bankruptcy court properly determined that appellant did not have any claim to assert against the bankruptcy estate, that court did not err in holding that appellant lacked standing to challenge the confirmation of the plan of reorganization and the sale of Whatley Ranch to Summit Ranch, Ltd. The district court, in affirming these determinations, did not err.
 
 
 17
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Summit Ranch, Ltd.'s motion to file an amicus curiae brief in this appeal is denied