77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: FORWARD OF KANSAS, INC., Debtor.
Richard D. DUDLEY, on behalf of the Dudley Group, Plaintiff-Appellee,
v.
FORWARD OF KANSAS, INC.; Great American Broadcasting of
Kansas, Inc.; Great American Broadcasting of Hutchinson,
Inc.; Mack Sanders; George Donley; Sandra Donley; Proud
Country, Inc.; Golden Belt, Inc., Defendants,
and
Sherry SANDERS, Defendant-Appellant.
 No. 95-3120.
(D.C.No. 94-1108-MLB)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1996.
 
 ORDER AND JUDGMENT[1]
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Sherry Sanders appeals from the district court's order affirming the bankruptcy court's order finding her liable for conversion of certain funds belonging to the debtor, Forward of Kansas, Inc., in which plaintiff had a perfected security interest. The district court's March 22, 1995 order fully describes the procedural and factual background surrounding this case. Suffice it to say that after a trial, the bankruptcy court found that under Kansas law of conversion, plaintiff had met his burden of showing that the funds in question belonged to the debtor, that plaintiff had a perfected security interest in the funds, and that defendant had exercised a right of ownership over the funds without authority. See In re Conservatorship of Marcotte, 756 P.2d 1091, 1095 (Kan.1988); Nelson v. Hy-Grade Constr. & Materials, Inc., 527 P.2d 1059, 1062 (Kan.1974).
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. 158(d) and 1291. We apply the same standard of review to the bankruptcy court's decision as the district court did; that is, we review legal determinations de novo and factual findings for clear error. Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir.1994).
 
 
 4
 On appeal, defendant challenges only the bankruptcy court's factual findings. She argues essentially that the facts did not support the court's findings that the funds in question belonged to the debtor and that she exercised a right of ownership over the funds. She raised the same arguments in the district court, and in a thorough decision, the district court rejected them. We have fully considered her arguments and reviewed the record. We cannot say that we have a "definite and firm conviction" that the bankruptcy court's factual findings are in error. Exxon Corp. v. Gann, 21 F.3d 1002, 1005 (10th Cir.1994)(quotation omitted). Therefore, for substantially the reasons stated in the district court's March 22, 1995 order, we AFFIRM the judgment of the United States District Court for the District of Kansas.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3