83 F.3d 433
 13 Colo. Bankr. Ct. Rep. 128
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: Reinard M. SIMON and Patricia A. Simon, Debtors.
Reinard M. SIMON and Patricia A. Simon, Appellants-Cross Appellees,
v.
TIP TOP CREDIT UNION, Appellee-Cross Appellant.
 Nos. 94-3304, 94-3312.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1996.
 
 ORDER AND JUDGMENT[1]
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,** District Judge.
 BARRETTE, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P.
 
 
 2
 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Debtors Reinard M. and Patricia A. Simon appeal in No. 94-3304 from the district court's affirmance of the bankruptcy court's denial of confirmation of their plan in a Chapter 12 bankruptcy proceeding. Creditor Tip Top Credit Union cross-appeals in No. 94-3312 from the district court's affirmance of the bankruptcy court's determination that the after-acquired title doctrine does not apply. Reviewing the bankruptcy court's and district court's legal determinations de novo and the bankruptcy court's factual findings for clear error, Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir.1994), we reverse in the appeal and affirm in the cross-appeal.
 
 
 4
 The facts in this case are undisputed. The parties agree that Tract 1 of five tracts of real estate owned by the Simons is at issue. In 1976, the Simons granted Tip Top a $100,000 mortgage against Tracts 1, 2, and 3. In 1979, they granted the Federal Land Bank a $517,000 mortgage against all five tracts. Tip Top subordinated its mortgage to the Federal Land Bank mortgage.
 
 
 5
 In 1981, the Simons deeded Tract 1 to Simon and Sons, Inc. (SSI), a corporation in which they were the majority shareholders. In 1982, SSI granted IFG Leasing Company a $460,000 mortgage against five acres of Tract 1 to obtain funds to construct a dairy barn. The Federal Land Bank released and Tip Top subordinated their respective mortgages on the five acres. In 1983, the Simons individually granted Tip Top a $415,000 mortgage on all five tracts, even though SSI held the deed to Tract 1.
 
 
 6
 In 1986, SSI filed for bankruptcy relief under Chapter 11. The amended reorganization plan granted Tip Top a secured claim of $385,000, secured by cattle and farm machinery and equipment, and an unsecured claim of $300,000. Tip Top objected to the amended plan for, among other things, failing to recognize its mortgages. Subsequently, SSI and Tip Top submitted an agreed order amending the plan and raising Tip Top's secured claim on the cattle and farm machinery and equipment to $500,000 and reducing its unsecured claim to $200,000. Still, the plan did not mention Tip Top's mortgages. The bankruptcy court confirmed the plan. In 1992, SSI defaulted on the plan. Deeds were recorded transferring all five tracts to the Federal Land Bank.
 
 
 7
 Also, in 1992, the Simons filed for Chapter 12 bankruptcy relief. Thereafter, the Federal Land Bank assigned its notes, mortgages, and bankruptcy claims to Northern Farms, Inc. and deeded Tracts 1, 2, and 3 to the Simons subject to the mortgages.
 
 
 8
 On April 2, 1993, the Simons filed their plan of reorganization. It provided that Tip Top's $400,000 claim be unsecured. Tip Top objected. On August 19, 1993, the bankruptcy court denied confirmation of the plan and determined that the 1976 mortgage was a valid lien on Tract 1 and 11 U.S.C. 1141(c) did not discharge the 1976 mortgage on Tract 1, but the 1983 mortgage never attached to Tract 1 because the Simons did not have title when they executed the mortgage and Tract 1 was acquired by the Simons after commencement of their bankruptcy case. In all other respects, however, the bankruptcy court found the plan confirmable. After denying confirmation, the bankruptcy court gave the Simons fifteen days to file an amended plan. They appealed to the district court, arguing that the 1976 mortgage was discharged by SSI's bankruptcy. Tip Top cross-appealed, arguing the equitable doctrine of after-acquired title should be applied to the 1983 mortgage.
 
 
 9
 The Simons filed an amended plan in the bankruptcy court on September 3, 1993, recognizing Tip Top's 1976 mortgage provided it was held valid upon appeal. Tip Top objected to the amended plan. The bankruptcy court confirmed the amended plan on November 5, 1993.
 
 
 10
 On August 19, 1994, the district court affirmed the bankruptcy court. The Simons appealed to this court.
 
 
 11
 At this court's request, the parties filed simultaneous memorandum briefs addressing whether the bankruptcy court's order denying confirmation of the Simons' initial Chapter 12 reorganization plan without dismissal of the underlying petition or bankruptcy case was a final, appealable order. This court is limited to reviewing final district court orders. 28 U.S.C. 158(d). The bankruptcy court's denial of confirmation of the proposed plan of reorganization was not final for purposes of 158(d). See Simons v. FDIC (In re Simons), 908 F.2d 643, 645 (10th Cir.1990). While the appeal was pending in the district court, however, the bankruptcy court confirmed the Simons' amended plan. The bankruptcy court's later confirmation of the amended plan finally disposed of the case.[2] See Interwest Business Equip., Inc. v. United States Trustee (In re Interwest Business Equip., Inc.), 23 F.3d 311, 315 (10th Cir.1994). Therefore, we conclude we have jurisdiction to review the bankruptcy court's order denying confirmation of the initial plan.
 
 
 12
 Also, as a preliminary matter, Tip Top argues that this appeal is moot and that the Simons cannot appeal the bankruptcy court ruling that denied confirmation of the initial plan because they filed an amended plan which was confirmed. We disagree. The amended plan, as confirmed, recognizes and provides for the determination of the validity of Tip Top's 1976 mortgage on appeal. Contrary to Tip Top's argument, by filing an amended plan the Simons did not acquiesce in the bankruptcy court's denial of confirmation of the initial plan. Also, the amended plan cannot be characterized as a recognition by the Simons of the validity of the 1976 mortgage. The issue of the validity of the 1976 mortgage therefore is not moot.
 
 
 13
 On appeal, the Simons argue the district court erred in affirming the bankruptcy court's determination that Tip Top's 1976 mortgage against Tract 1 was not discharged by operation of 11 U.S.C. 1141(c) upon confirmation of SSI's Chapter 11 plan. Under 1141(b) and (c), upon confirmation of the plan, unless the plan or order confirming the plan provide otherwise, the property dealt with in the plan vests in the debtor free and clear of all claims of creditors. Tip Top's 1976 mortgage was not preserved in SSI's plan of reorganization or in the confirmation order. Section 1141(c) therefore eliminated the lien from the property, and the property vested in SSI free and clear of the mortgage. See In re Penrod, 50 F.3d 459, 463 (7th Cir.1995)(unless plan of reorganization or order confirming plan says lien is preserved, it is extinguished by confirmation, provided the lienholder participated in the reorganization).
 
 
 14
 Furthermore, Tip Top itself apparently chose not to retain the 1976 mortgage pursuant to its agreement with SSI. When Tip Top objected that SSI's plan did not mention the mortgages, SSI and Tip Top agreed to amend the plan to increase Tip Top's secured claim against cattle and farm machinery and equipment. The amended plan, however, still did not mention the mortgages. Tip Top apparently gave up its 1976 mortgage in favor of an increase in the amount of its secured claim. Thus, Tip Top's 1976 mortgage did not survive SSI's confirmation of SSI's plan. See Board of County Commr's v. Coleman Am. Properties, Inc. (In re American Properties, Inc.), 30 B.R. 239, 246 (Bankr.D.Kan.1983)(after confirmation of plan, creditor's lien rights are only those granted in confirmed plan, and plan is enforced as written).
 
 
 15
 The Simons further argue that the district court erred in deciding that 11 U.S.C. 524(e) limits 1141(c)'s effect on the property of their estate. Section 524(e) provides that the discharge of a debtor's debt does not affect the liability of a third party for the debt. The district court determined that under 524(e) confirmation of SSI's plan did not divest Tip Top of the 1976 mortgage because the Simons were third parties to SSI's bankruptcy.
 
 
 16
 SSI's confirmed plan vested Tract 1 in SSI free and clear of Tip Top's in rem claims under 1141(c). Because the in rem claim against Tract 1 was discharged in SSI's bankruptcy, when Tract 1 was later transferred to the Simons, it remained free of Tip Top's in rem mortgage claim. The in personam claim against the Simons on the notes, however, was not discharged in SSI's bankruptcy. Cf. Johnson v. Home State Bank, 501 U.S. 78, 84 (1991)(bankruptcy discharge extinguished only in personam claim while leaving in rem claim intact). Thus, 524(e) does not change the vesting of Tract 1 in SSI free and clear of the 1976 mortgage under 1141(b) and (c). We conclude the district court erred in affirming the bankruptcy court's determination that the 1976 mortgage was a valid lien on Tract 1.
 
 
 17
 On cross-appeal, Tip Top argues that the district court should have determined the 1983 mortgage was secured based upon the equitable doctrine of after-acquired title. The Simons counter that 11 U.S.C. 552(a) prevents application of the after-acquired title doctrine. Concluding the language of 552(a) is clear and unambiguous, the district court upheld the bankruptcy court's refusal to apply the after-acquired title doctrine to the 1983 mortgage. Upon consideration of the briefs, appendices, and relevant law, we affirm for substantially the reasons stated by the district court in its Memorandum and Order of August 19, 1994.
 
 
 18
 The judgment of the United States District Court for the District of Kansas is REVERSED in part and AFFIRMED in part. Mark J. Lazzo's motion to withdraw as appellants' counsel is GRANTED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 For purposes of this appeal, we need not decide whether the appeal to the district court was premature