**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

LINDA A. WATSON,

        Debtor.

_____

LINDA A. WATSON,

        Appellant,

v.

DIANE S. JONES and
ADDIE MERRITT,

        Appellees.

No. 97-4208
(D.C. No. 97-CV-440-B)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

_____

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Debtor Linda Watson objected to Diane Jones' proof of claim in the underlying bankruptcy proceeding. The $13,980 claim resulted from an award of attorney fees in a custody dispute between debtor and appellee Addie Merritt. The bankruptcy court overruled the objection and allowed the claim. Debtor appealed, and the district court reversed the bankruptcy court decision, disallowing the claim because, under Utah law, an award of attorney fees in a domestic dispute is in favor of the litigant, not the attorney. Therefore, the district court found that Jones, Addie Merritt's attorney in the custody dispute, was not a creditor and did not have a claim under the Bankruptcy Code. Immediately thereafter, Jones filed a motion to amend the claim to substitute Addie Merritt as the proper claimant. The bankruptcy court allowed the amendment, and debtor appealed. The district court, relying on this court's decision in *Unioil, Inc. v. Elledge (In re Unioil, Inc.)*, 962 F.2d 988 (10th Cir. 1992), affirmed the bankruptcy court's decision to allow amendment. Plaintiff appeals.

We apply the same standards as did the district court in reviewing the bankruptcy court's decision: we review its legal conclusions de novo and its factual findings for clear error. *See Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir. 1994). In deciding whether the bankruptcy court was correct in allowing amendment of the claim to substitute the proper claimant, "we consider de novo the threshold issue whether the original proof of claim was amendable at all; and, if it was, we assess the decision to allow amendment under the particular circumstances solely for an abuse of discretion." *In re Unioil*, 962 F.2d at 992.

> Ordinarily, amendment of a proof of claim is freely permitted so long as the claim initially provided adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable. The court should not allow truly new claims to proceed under the guise of amendment.

*Id.* As in *Unioil*, debtor does not dispute that the claim was deficient in any of these respects or that the amendment altered the substantive content of the claim. The only change was the substitution of the claimant legally entitled to enforce the attorney fee award. "Accordingly, as a matter of law, the proof of claim was amendable." *Id.* Further, the bankruptcy court did not abuse its discretion in allowing amendment of the proof of claim in the particular circumstances of this case. Debtor has shown no prejudice resulting from the amendment. Indeed, the substance of the claim remains the same. *See id.* at 993 (holding no abuse of

discretion where no actual prejudice was shown and substance of claim was unaltered by amendment that merely substituted proper claimant).

We AFFIRM the district court's opinion and order. The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge