**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

KAREN MARIE KLINE,

      Debtor.

———————————

KAREN MARIE KLINE,

      Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,
United States of America,

      Defendant-Appellee.

No. 01-2125
(D.C. No. CIV-00-177-JC/LCS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Debtor Karen Marie Kline appeals the district court's order affirming the bankruptcy court's approval of the Internal Revenue Service's (IRS) proof of claim, reflecting the estimated tax liability of Ms. Kline's bankruptcy estate.  We affirm.

## I.  Background

Ms. Kline filed her petition for Chapter 11 Bankruptcy on May 27, 1997.  The IRS filed a timely proof of claim with the bankruptcy court in the amount of $66,540.98, reflecting estimated tax liabilities for the tax years 1987, and 1993 through 1996.  After receiving written objections and conducting a hearing on the matter, the bankruptcy court denied Ms. Kline's objection to the IRS claim without prejudice.  Ms. Kline subsequently filed a "Memorandum of Law Regarding Income Taxes," and a motion to alter, amend or set aside the court's judgment.  The bankruptcy court denied that motion on January 31, 2000, finding Ms. Kline had failed to refute the IRS's prima facie evidence of its estimate of tax due for the years in question.

Ms. Kline then appealed to federal district court.  Upon review, the magistrate judge found that although Ms. Kline testified that she received income during 1987 and 1993 through 1996 without filing tax returns, she offered no

evidence to refute the IRS's proof of claim. After careful consideration of

Ms. Kline's arguments, the magistrate judge concluded

> the Bankruptcy Court construed the applicable statutes in Appellant's favor by denying her objection without prejudice to her ability to file tax returns and challenge Appellee's estimated tax liability. Appellant's failure to present any facts in support of her position did not permit the Bankruptcy Court to rule in her favor. The Bankruptcy Court correctly held that, on the evidence presented, Appellee's proof of claim was valid until such time as Appellant filed tax returns.

R. Vol. 1, Doc. 18 at 6. The district court overruled Ms. Kline's objections to the

magistrate judge's proposed findings, and adopted the recommended disposition

affirming the bankruptcy court.

On appeal, the IRS states the only issue to be decided by this court is

simply whether the federal income tax laws apply to Ms. Kline. The implication

of that statement is that Ms. Kline is what was once designated by the IRS as an

"illegal tax protestor." [1] Conversely, Ms. Kline works earnestly to avoid that

---

[1] Section 3707 of the IRS Restructuring and Reform Act of 1998 now prohibits the IRS from designating taxpayers internally as "illegal tax protestors" and requires the removal of existing designations after January 1, 1999. *See* Internal Revenue Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685, 778, § 3707 (1998). Prior to that Act, the IRS defined a "tax protestor" as any individual who advocates and/or uses a tax protest scheme. A tax protest scheme was further defined as any scheme without basis in law or fact for the ostensible purpose of expressing dissatisfaction with the substance, form, or administration of the tax laws be either interfering with tax administration or attempting to illegally avoid or reduce tax liabilities. More generally, a tax protestor has been defined as one who is characterized as such

(continued...)

-3-

designation, framing the issues on appeal in terms of statutory construction, IRS abuse, and burdens of proof. Both parties have requested sanctions from this court.

## II. Discussion

"We review de novo conclusions of law by the district court and the bankruptcy court." *Phillips v. White (In re White),* 25 F.3d 931, 933 (10th Cir. 1994). "The bankruptcy court's findings of fact are not to be set aside unless clearly erroneous." *Id.*

The only real difficulty with this appeal and the ensuing motions for sanctions is that while Ms. Kline asserts she is not a "tax protestor" in the usual sense, many of her arguments flow with typical protestor rhetoric. She claims she is not a tax protestor, but is instead an IRS-abuse protestor. She acknowledges that the income tax is not voluntary, but argues that she was forced to deny being a taxpayer, and now refuses to file. She tends to recognize the validity of the Internal Revenue Code (IRC) in general, but continues to argue that the courts have yet to adequately prove to her that she is a taxpayer subject to the IRC's

---

[1](...continued)
either by himself or by the courts, or whose return is characterized as a protest return. *See* Ronald I. Mirvis, Annotation, *Tax Protestor's Failure to Submit, or Submission of Erroneous or Incomplete Federal Income Tax Returns . . . ,* 60 A.L.R. Fed. 158, 160 n.2. (1982).

requirements. While refraining from an outright assertion that the federal income tax laws as written are an unconstitutional direct tax that must be apportioned, she nevertheless claims that the bankruptcy and district courts misapplied the language and structure of the code, thus converting the tax laws into an unconstitutional direct income tax.

That final argument, Ms. Kline's primary argument on appeal, is articulated as follows: although section 1 of the IRC correctly imposes a tax on the "taxable income" of individuals, and although sections 6001 and 6011 require persons to keep records and file a return for any tax for which that individual is liable, Ms. Kline is not liable because "taxable income" is defined as gross income minus certain allowable deductions for a taxable year which are made by election of the taxpayer on the return. Had she filed a tax return, Ms. Kline argues, she would have made herself liable to pay a tax. Because she did not file a tax return or claim deductions, however, and because she denies being a "taxpayer" or having a "taxable year," she denies having taxable income and is therefore not liable. Related to this argument, Ms. Kline claims that she is not liable for any internal revenue tax because, without her filed returns, the government could only prove she had "income" and not "taxable income" subject to the obligation in section 1 of the IRC. *See* Aplt. Br. at 18-21; Reply Br. passim.

Both of these arguments are circular, and similar to other frivolous arguments that attempt through tautology to render the tax laws ineffective. *See, e.g., May v. Comm'r*, 752 F.2d 1301, 1304 (8th Cir. 1985) (rejecting argument that IRS erred in determination of "income" when no definition of "income" is found in IRC); *Martin v. Comm'r*, 756 F.2d 38, 40 (6th Cir. 1985) (rejecting as "baseless" argument from a debtor who filed tax forms with no income information that he was technically not a taxpayer subject to IRC obligations).

In the present case, both the bankruptcy court and the federal district court correctly found these arguments, as well as Ms. Kline's other, more general claims regarding the constitutionality of the internal revenue laws, to be unpersuasive. The bankruptcy court explained how Ms. Kline was subject to the tax laws, and found that she had presented no evidence either to support her objections to the claim or to refute the IRS's income estimates for the years she had failed to file a return. That court charitably denied her objections without prejudice to allow her to file returns and provide some proof that those estimates were erroneous. In greater detail, the district court carefully described the relevant internal revenue code and bankruptcy code sections applicable to Ms. Kline, and affirmed the bankruptcy court's ruling. We have read the record in this appeal and we agree with the district court that the bankruptcy court's

legal determinations and factual findings were not in error for substantially those reasons set forth in the magistrate judge's proposed findings and recommendation.

The remainder of Ms. Kline's arguments on appeal are without merit. Moreover, we urge her to exercise caution in presenting to a court or tribunal future arguments that, although articulated differently from the arguments we have consistently held to be frivolous, are independently baseless. Nevertheless, in this particular case we are not entirely convinced that there has been a "clear showing of bad faith which would require the imposition of damages upon appellant." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986) (quotation omitted). Therefore, the IRS's motion for sanctions pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1912 is DENIED.

Ms. Kline's motions for sanctions dated August 23, 2001, are DENIED. All other open motions are DENIED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge