949 F.2d 1106
 Bankr. L. Rep. P 74,344
In re Lawrence Douglas KULP and Debra Lynn Kulp, Debtors.
Lawrence Douglas KULP, Debra Lynn Kulp, Plaintiffs-Appellants,
v.
Sally J. ZEMAN, Chapter 13 trustee, Resolution Trust
Corporation, as Receiver for Mesa Federal Savings
and Loan Association of Colorado,
Defendants-Appellees.
 No. 90-1190.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 27, 1991.
 
 Submitted on the briefs:*
 Milnor H. Senior, III, Robert I. Cohen, Michael John Vos, of Senior and Cohen, P.C., Denver, Colo., for plaintiffs-appellants.
 Stephanie Rowe, Sally J. Zeman, Standing Chapter 13 Trustee, District of Colorado, Donald E. Jordan, John P. Gormley, of Williams, Turner & Holmes, Grand Junction, Colo., for defendants-appellees.
 Before ANDERSON and BALDOCK, Circuit Judges, and SAM, District Judge.**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs-appellants (debtors) Lawrence and Debra Kulp filed for Chapter 13 bankruptcy protection. Defendants-appellees, a creditor and the bankruptcy trustee, objected to debtors' Chapter 13 plan, contending that it inappropriately exempted the entire balance of debtors' individual retirement accounts (IRA's) from the bankruptcy estate. The bankruptcy court agreed with the defendants and refused to confirm the plan. Debtors appeal from the district court judgment which affirmed the bankruptcy court order. We reverse the judgment and remand to the district court for proceedings consistent with this opinion.
 
 
 2
 Under the Bankruptcy Code, virtually all property in which the debtor has a legal or equitable interest at the commencement of the case is included in the bankruptcy estate. See 11 U.S.C. § 541(a)(1).[1] However, debtors may exempt certain properties from the estate. 11 U.S.C. § 522(b). Section 522 provides a list of exemptions, but grants States the authority to "opt out" of the federal list. In States that have "opted out," debtors are permitted to exempt only "property that is exempt under ... state or local law...." § 522(b)(2)(A). Colorado has opted out of the federal exemption list. See Colo.Rev.Stat.Ann. § 13-54-107 (West 1987). Because debtors filed in Colorado, the Colorado exemption statute is at issue. See Colo.Rev.Stat. § 13-54-104 (West 1987 & Supp.1990). We review de novo the bankruptcy and district courts' legal interpretation of the relevant Colorado statutes. See In re Mullet, 817 F.2d 677, 679 (10th Cir.1987).
 
 
 3
 Colorado exempts seventy-five percent of certain types of "earnings" from garnishment or levy, see § 13-54-104(2)(a), and defines "earnings" as follows:
 
 
 4
 (1)(b) "Earnings" means compensation paid or payable for personal services, whether denominated as ... avails of any pension or retirement benefits, or a deferred compensation plan ... or otherwise.
 
 
 5
 ....
 
 
 6
 (1.1) For purposes of this section and only for the purpose of claiming an exemption in bankruptcy, "avails of any pension or retirement benefits or deferred compensation plan" means profits or proceeds in any pension or retirement plan, including those in which the debtor has received benefits or payments or has the present right to receive benefits or payments or has the right to receive benefits or payments in the future and including ... avails of any individual retirement account, as defined in 26 U.S.C. 408....
 
 
 7
 § 13-54-104 (emphasis supplied). As is evident from the quoted language, the statute establishes a bankruptcy exemption for pension or retirement benefits including IRA's. At issue in this case is the district court's interpretation of the "avails of an individual retirement account." The district court, relying on an unpublished district court order, held that the "avails" of an IRA account include only the accumulated interest in the account and not the account "corpus." Under this interpretation, the debtors would be allowed to exempt seventy-five percent of the accumulated interest in the account but none of the corpus. Because debtors' Chapter 13 plan exempted seventy-five percent of the entire IRA balance, the district court affirmed the bankruptcy court's order refusing to confirm the plan.
 
 
 8
 As with any question of statutory interpretation, we begin with the words chosen by the legislature. The statute defines "avails" as "profits or proceeds." Defendants point to Black's Law Dictionary (5th ed. 1979), which defines "profits" as "the gross proceeds of a business transaction less the costs of the transaction; i.e. net proceeds." Id. at 1090. It defines "proceeds" as "[i]ssues; income; yield; receipts; produce; money or articles or other thing of value arising or obtained by the sale of property; the sum, amount, or value of property sold or converted into money or into other property." Id. at 1084. Defendants contend that both of these terms, "profits" and "proceeds," refer only to the interest earned on an investment and not the investment corpus.
 
 
 9
 Defendants' interpretation of "avails" and "profits" and "proceeds" strikes us as contrived. It twists the statute and the well-established meanings of the words involved. For example, Black's Law Dictionary, in defining "avails," tracks the statute with the terms "profits" and "proceeds" and then refers expressly to "the corpus or proceeds" of an estate after payment of debts. Id. 171 (4th ed. 1951). See also Ballentine's Law Dictionary 114 (3d ed. 1969) (avails are "[t]he proceeds of the sale of property."). In spite of the bankruptcy court authority to the contrary, see In re Toner, 105 B.R. 978, 984 (Bankr.D.Colo.1989), we see no supportable reason for limiting this wording to the accumulated interest in an IRA account.
 
 
 10
 If the Colorado legislature had intended to limit the exemption to the accumulated interest in the IRA account or other retirement investment, it easily could have drafted the statute as such without reliance on the word "avails." Notwithstanding the clear meaning of "avails," however, the defendants argue that the term refers only to accumulated interest income because the bankruptcy exemption was codified under Colo.Rev.Stat. § 13-54-104 rather than § 102. Section 104 addresses exempt "earnings" whereas § 102 addresses exempt "property." And the term "earnings," defendants argue, clearly indicates accumulated interest rather than corpus. The statement of purpose attached to the Colorado Senate version of the bill belies defendants' argument:
 
 
 11
 The definition of "earnings" in section 13-54-104(1) serves two purposes: 1) it is used in calculating how much income can be garnished to pay a judgment creditor and 2) it is used by debtors to claim property exempt in a bankruptcy proceeding....
 
 
 12
 The purpose of the bill was to allow a debtor in bankruptcy to claim an exemption for ERISA plans, IRA accounts, KEOGH plans, and any kind of pension or plan in which the debtor has received payments or has a present or future right to receive payments.
 
 
 13
 Senate Committee of Reference Report, Committee on Business Affairs and Labor, Explanation of Amendment to H.B. 1237 (1988) (emphasis supplied). A plain reading of this statement of purpose indicates that the legislature intended to subject the entire "account," corpus and interest, to the seventy-five percent bankruptcy exemption.
 
 
 14
 Our interpretation is consistent with the Colorado Constitution, art. XVIII, § 1, which requires that exemption statutes be interpreted liberally. See Frank v. First Nat'l Bank, 653 P.2d 748 (Colo.App.1982); In re Ferguson, 15 B.R. 439 (Bankr.D.Colo.1981); In re Alvarez, 14 B.R. 940 (Bankr.D.Colo.1981). In any event, defendants' interpretation is illogical; it leaves no protection for the interest because the corpus that creates the interest is nonexempt. See Schlosser, Exempting Retirement Benefits From Bankruptcy in Colorado, 18 Colo.Law. 17, 20 (1989).[2] In other words, it kills the goose which lays the golden eggs.
 
 
 15
 We hold that the debtors are permitted under the Bankruptcy Code and the relevant Colorado law to exempt seventy-five percent of the entire balance of their IRA's from the bankruptcy estate. Accordingly, we REVERSE the judgment and REMAND the case to the district court with instructions to remand the case to the bankruptcy court for proceedings consistent with this opinion.[3]
 
 
 
 *
 The parties agree that oral argument is unnecessary and that the case may be submitted on the briefs. Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case therefore is ordered submitted without oral argument
 
 
 **
 Honorable David Sam, United States District Judge for the District of Utah, sitting by designation
 
 
 [1]
 The parties apparently agree that the IRA's should be included in the estate pursuant to § 541(a)(1)
 
 
 [2]
 We find this authority persuasive given that the author, Chuck Schlosser, testified before both houses of the Colorado legislature at the behest of the sponsor of the bill that amended Colo.Rev.Stat. § 13-54-104 to include IRA's. The author argues that the legislative history and language of the bill clearly indicate that the provision is intended to cover the entire account balance
 
 
 [3]
 Defendants, citing In re Mata, 115 B.R. 288 (Bankr.D.Colo.1990), and In re Lennen, 71 B.R. 80 (Bankr.N.D.Cal.1987), argue in the alternative that Colo.Rev.Stat. § 13-54-104 violates the constitution's uniformity requirement for bankruptcy laws because it creates a bankruptcy exemption which is not available to other Colorado debtors. U.S. Const. art. I, § 8; Hanover National Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902) (geographical uniformity required in bankruptcy laws). This argument is meritless. The In re Mata and In re Lennen cases confuse the geographical uniformity doctrine with the well-established principle that states may pass laws which do not conflict with the federal scheme. See In re Shumaker, 124 B.R. 820, 825-26 (Bankr.D.Mont.1991) (citing Sturges v. Crowninshield, 17 U.S. 122, 4 L. Ed. 529 (1819) and Matter of Sullivan, 680 F.2d 1131 (7th Cir.), cert. denied, 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982)). In this case, we have no conflict because 11 U.S.C. § 522 expressly delegates to states the power to create bankruptcy exemptions