**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARTIN PATRICK SHEEHAN,

*Trustee-Appellant,*

v.

GEORGE M. PEVEICH,

*Debtor-Appellee,*

STATE OF WEST VIRGINIA,

*Intervenor-Appellee.*

No. 08-2202

MARTIN PATRICK SHEEHAN,

*Trustee-Appellant,*

v.

JAMES HAROLD MELOTT, JR.; MARY MARGARET MELOTT,

*Debtors-Appellees,*

STATE OF WEST VIRGINIA,

*Intervenor-Appellee.*

No. 08-2204

MARTIN PATRICK SHEEHAN,

  *Trustee-Appellant,*

  v.

SCOTT LEMOYNE JACKSON,

  *Debtor-Appellee,*

STATE OF WEST VIRGINIA,

  *Intervenor-Appellee.*

No. 08-2205


MARTIN PATRICK SHEEHAN,

  *Trustee-Appellant,*

  v.

NANCY LOUISE SCHUBERT, a/k/a
Nancy Louise Meyers,

  *Debtor-Appellee,*

STATE OF WEST VIRGINIA,

  *Intervenor-Appellee.*

No. 08-2206


MARTIN PATRICK SHEEHAN,

  *Trustee-Appellant,*

  v.

CANDACE A. CURTIS, a/k/a Candace
A. Baker,

  *Debtor-Appellee,*

STATE OF WEST VIRGINIA,

  *Intervenor-Appellee.*

No. 08-2207

MARTIN PATRICK SHEEHAN,

*Trustee-Appellant,*

v.

CHARLES MICHAEL BAIRD; SHIRLEY JEAN BAIRD,

*Debtors-Appellees,*

STATE OF WEST VIRGINIA,

*Intervenor-Appellee.*

No. 08-2208

MARTIN PATRICK SHEEHAN,

*Trustee-Appellant,*

v.

DANNY G. MORRELL, JR.; RAQUEL L. MORRELL,

*Debtors-Appellees,*

STATE OF WEST VIRGINIA,

*Intervenor-Appellee.*

No. 08-2209

MARTIN PATRICK SHEEHAN,

*Trustee-Appellant,*

v.

CHARLES L. BROWN, JR.; NANCY J. BROWN,          No. 08-2210

*Debtors-Appellees,*

STATE OF WEST VIRGINIA,

*Intervenor-Appellee.*

Appeals from the United States Bankruptcy Court
for the Northern District of West Virginia, at Wheeling.
Patrick M. Flatley, Chief Bankruptcy Judge.
(5:08-bk-00287; 5:08-bk-00433; 5:08-bk-00454;
5:08-bk-00464; 5:08-bk-00510; 5:08-bk-00518;
5:08-bk-00519; 5:08-bk-00569)

Argued: May 12, 2009

Decided: July 24, 2009

Before TRAXLER, Chief Judge, AGEE, Circuit Judge,
and Malcolm J. HOWARD, Senior United States District
Judge for the Eastern District of North Carolina, sitting by
designation.

Affirmed by published opinion. Senior District Judge Howard
wrote the opinion, in which Chief Judge Traxler and Judge
Agee joined.

## COUNSEL

**ARGUED:** Martin Patrick Sheehan, SHEEHAN & NUGENT, PLLC, Wheeling, West Virginia, for Appellant. Michael G. Clagett, Bridgeport, West Virginia, for Appellees. **ON BRIEF:** Darrell V. McGraw, Jr., Attorney General of the State of West Virginia, Charleston, West Virginia, for Appellee State of West Virginia.

## OPINION

HOWARD, Senior District Judge:

The question in these cases is whether the Supremacy Clause renders invalid state property exemptions that apply only in bankruptcy actions. Construing West Virginia Code § 38-10-4, the bankruptcy court held that such exemptions are not rendered invalid by the Supremacy Clause. We affirm that judgment.

### I.

We have before us consolidated appeals from eight bankruptcy cases filed by debtors domiciled in West Virginia. In each of the cases, the debtors have claimed all of their property exempt from the bankruptcy estate pursuant to West Virginia Code § 38-10-4. The bankruptcy trustee objected to the claims of exemption, arguing that § 38-10-4 is preempted by federal law. The United States Bankruptcy Court for the Northern District of West Virginia overruled the trustee's objections and allowed the debtors' exemptions. Pursuant to 28 U.S.C. § 158(d)(2)(A), this court authorized the trustee's direct appeal of the bankruptcy court's decision.

### II.

Upon commencement of a Chapter 7 bankruptcy proceeding, a debtor's legal and equitable interests in property

become part of the bankruptcy estate, subject to administration by the bankruptcy trustee for payment of creditors. 11 U.S.C. §§ 541(a)(1), 704. An individual debtor is allowed, though, to exempt certain property from the bankruptcy estate so as to enable the debtor to start afresh. 11 U.S.C. § 522(b)(1).

The Bankruptcy Code provides two alternative exemption schemes. Unless state law provides otherwise, a debtor may choose to exempt from the estate either property listed in the federal bankruptcy exemptions set forth in § 522(d) of the Bankruptcy Code or property exempt under applicable state or local law, together with property exempt under federal, non-bankruptcy law. 11 U.S.C. § 522(b)(1). However, § 522(b)(2) of the Bankruptcy Code authorizes the states to opt out of the federal bankruptcy exemption scheme and thereby deny debtors the right to elect the federal bankruptcy exemptions contained in § 522(d). By opting out, a state restricts its debtors to any exemptions available under state or local law and federal, non-bankruptcy law.

In 1981, approximately two years after the Bankruptcy Code became effective, West Virginia opted out of the federal bankruptcy exemption scheme upon enactment of West Virginia Code § 38-10-4. Section 38-10-4 does more than simply opt out of the federal bankruptcy exemption scheme, though. It also establishes a number of exemptions modeled after (but different in certain respects from) those contained in the Bankruptcy Code. While West Virginia has exemptions that apply to judgment debtors generally, the exemptions provided in § 38-10-4 apply only in bankruptcy proceedings.[1] In each of the cases on appeal, the debtors relied upon § 38-10-4 to claim all property owned by them as exempt from the bankruptcy estate.

---

[1]It is not clear whether the exemptions in § 38-10-4 are intended to supercede or supplement West Virginia's general exemptions in bankruptcy proceedings; however, that issue is not before us today.

The trustee asks us to review the bankruptcy court's determination that West Virginia Code § 38-10-4 does not violate the Supremacy Clause. Because that determination is a question of law, we review the bankruptcy court's decision de novo.

## III.

The trustee objects to the debtors' claims of exemption pursuant to West Virginia Code § 38-10-4, arguing that state exemption laws that apply only in bankruptcy cases are inconsistent with the Bankruptcy Code's objectives regarding the distribution of bankruptcy estate assets and are, therefore, rendered invalid by the Supremacy Clause.[2] We disagree.

The Supremacy Clause and the doctrine of preemption invalidate state statutes to the extent they are inconsistent with or contrary to the purposes or objectives of federal law. *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 604 (1991). There are three ways federal law may preempt state law. First, federal legislation may preempt state law by expressly declaring Congress' intent to do so. *Cox v. Shalala*, 112 F.3d 151, 154 (4th Cir. 1997). Second, Congress can "'occupy the field' by regulating so pervasively that there is no room left for the states to supplement federal law." *Id.* Third, a state law is pre-

---

[2]The constitutionality of bankruptcy-specific exemption statutes has been the subject of much debate. The courts addressing the issue have split, although not all have addressed the precise issue presented here (*i.e.* whether the Supremacy Clause renders such statutes invalid). *See Kulp v. Zeman*, 949 F.2d 1106 (10th Cir. 1991); *In re Brown*, No. 06-30199, 2007 WL 2120380 (Bankr. N.D.N.Y. July 23, 2007); *In re Shumaker*, 124 B.R. 820 (Bankr. D. Mont. 1991); *In re Vasko*, 6 B.R. 317 (Bankr. N.D. Ohio 1980) (all holding bankruptcy-only exemption schemes valid). *But see In re Kanter*, 505 F.2d 228 (9th Cir. 1974); *In re Regevig*, 389 B.R. 736 (Bankr. D. Ariz. 2008); *In re Wallace*, 347 B.R. 626 (Bankr. W.D. Mich. 2006); *In re Mata*, 115 B.R. 288 (Bankr. D. Colo. 1990); *In re Lennen*, 71 B.R. 80 (Bankr. N.D. Cal. 1987); *In re Reynolds*, 24 B.R. 344 (Bankr. S.D. Ohio 1982); *In re Cross*, 255 B.R. 25 (N.D. Ind. 2000) (all holding bankruptcy-only exemption schemes invalid).

empted "to the extent that it actually conflicts with federal law." *Id.* There can be no preemption, however, where Congress "expressly and concurrently authorizes" state legislation on the subject. *Rhodes v. Stewart*, 705 F.2d 159, 163 (6th Cir. 1983). "In such instance, rather than preempting the area, Congress expressly authorizes the states to 'preempt' the *federal* legislation." *Id.*

Section 522(b)(1) affords the states the authority to restrict their respective residents to exemptions promulgated by the state legislatures, if they so choose. This statutory provision is an express delegation to the states of the power to create state exemptions in lieu of the federal bankruptcy exemption scheme. *See Hovis v. Wright*, 751 F.2d 714, 716 (4th Cir. 1985) (concluding that § 522(b)(1) grants the states broad power to craft state exemption laws applicable to bankruptcy proceedings). Congress has not seen fit to restrict the authority delegated to the states by requiring that state exemptions apply equally to bankruptcy and non-bankruptcy cases, and we are without authority to impose such a requirement.

The bankruptcy court's decision overruling the trustee's objection to the exemptions claimed by the debtors pursuant to West Virginia Code § 38-10-4 is

*AFFIRMED*.