**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

In re: CONNIE RAE MURRAY,

     Debtor.

-----------------------------

DARCY D. WILLIAMSON, Trustee,

     Appellant,

v.

CONNIE RAE MURRAY,

     Appellee,

and

DEREK SCHMIDT, Kansas Attorney
General,

     Intervenor - Appellee.

-----------------------------

NATIONAL ASSOCIATION OF
CONSUMER BANKRUPTCY
ATTORNEYS,

     Amicus Curiae.

No. 14-3054
(BAP No. KS-13-034)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

This case involves a challenge to a Kansas statute permitting debtors in bankruptcy to exempt certain tax credits, often referred to as Earned Income Credits ("EICs"), from their bankruptcy estates. See Kan. Stat. § 60-2315. Darcy Williamson, a bankruptcy trustee, asserts that the statute violates the Bankruptcy and Supremacy Clauses of the U.S. Constitution and is preempted by the provisions of the Bankruptcy Code because the statute exempts EICs only with respect to debtors in bankruptcy, rather than protecting those funds from all creditors. The bankruptcy court rejected Williamson's challenge, as did the Bankruptcy Appellate Panel ("BAP") for the Tenth Circuit. Our precedent precludes adoption of the primary theory Williamson advances, and we conclude Williamson's subsidiary theories are equally unavailing. Exercising jurisdiction under 28 U.S.C. § 158(d), we affirm.

**I**

Connie Rae Murray filed for Chapter 7 bankruptcy protection on October 2, 2012.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Her filings listed her expected state and federal EICs as exempt pursuant to Kan. Stat. § 60-2315. That statute provides:

> An individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may exempt the debtor's right to receive tax credits allowed pursuant to section 32 of the federal internal revenue code of 1986, as amended, and K.S.A. 2010 Supp. 79-32,205, and amendments thereto. An exemption pursuant to this section shall not exceed the maximum credit allowed to the debtor under section 32 of the federal internal revenue code of 1986, as amended for one tax year. Nothing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance.

Kan. Stat. § 60-2315. Murray expected her total EIC refund to be $2,686, of which $2,025.51 would have been included in the estate had it not been exempted under § 60-2315.

Williamson, the trustee of Murray's bankruptcy estate, filed an objection challenging the exemption, arguing that § 60-2315 is unconstitutional and preempted. The bankruptcy court overruled the objection and the Tenth Circuit BAP unanimously affirmed. Williamson now appeals to this court.

**II**

We review the bankruptcy court's legal determinations de novo and its factual findings for clear error. Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller), 666 F.3d 1255, 1260 (10th Cir. 2012). Although this appeal comes to us from the BAP, we treat that court as a subordinate appellate tribunal whose rulings are not entitled to any deference, but may be persuasive. Mathai v. Warren (In re Warren), 512 F.3d 1241, 1248

-3-

(10th Cir. 2008).

## A

Williamson's first argument is that state laws carving out bankruptcy-specific exemptions violate the Supremacy Clause, U.S. Const. art. VI, cl. 2, and the Bankruptcy Clause (sometimes called the Uniformity Clause), which empowers Congress to establish "uniform Laws on the subject of Bankruptcies throughout the United States," U.S. Const. art. I, § 8, cl. 4. Williamson acknowledges that states may adopt laws exempting certain property from bankruptcy estates, but argues that such laws do not pass constitutional muster unless they shield property from creditors both inside and outside the bankruptcy system. Our precedent establishes otherwise.

Under the Bankruptcy Code, most property of a debtor becomes part of the bankruptcy estate upon the filing of a petition. See 11 U.S.C. 541(a)(1). Federal law allows for debtors to exempt certain property from the estate. See 11 U.S.C. § 522(d). However, states may opt out of the list of federal exemptions and provide their own set. See 11 U.S.C. § 522(b)(2); Cohen v. Borgman (In re Borgman), 698 F.3d 1255, 1257 (10th Cir. 2012). Debtors in opt-out states may exempt from the bankruptcy estate "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition." 11 U.S.C. § 522(b)(3)(A). Kansas is an opt-out state. Kan. Stat. § 60-2312.

In Kulp v. Zeman (In re Kulp), 949 F.2d 1106 (10th Cir. 1991), we considered a

Colorado statute that generally exempted from garnishment or levy seventy-five percent of earnings, including "avails of pension or retirement benefits." Id. at 1107 (emphasis omitted) (quoting Colo. Rev. Stat. § 13-54-104(1)(b)).  The statute contained a separate section defining the above-quoted phrase to include profits and proceeds of any individual retirement account, but "only for the purpose of claiming an exemption in bankruptcy." Id. (emphasis omitted) (quoting Colo. Rev. Stat. § 13-54-104(1.1)).  We flatly rejected the argument that the statute "violates the constitution's uniformity requirement for bankruptcy laws because it creates a bankruptcy exemption which is not available to other Colorado debtors," characterizing the assertion as "meritless." Id. at 1109 n.3.  The few cases reaching the opposite conclusion, we held, "confuse the geographical uniformity doctrine with the well-established principle that states may pass laws which do not conflict with the federal scheme." Id.  And we determined that the Colorado statute did not "conflict [with federal law] because 11 U.S.C. [§] 522 expressly delegates to states the power to create bankruptcy exemptions." Id.

Williamson cites several authorities for the contrary proposition that bankruptcy-specific exemptions are unconstitutional.  Many are inapposite.  In Sherwood Partners, Inc. v. Lycos, Inc., 394 F.3d 1198 (9th Cir. 2005), the court held that "the Bankruptcy Code preempts a state statute that gives an assignee selected by the debtor the power to void preferential transfers that could not be voided by an unsecured creditor." Id. at 1200.  The case does not deal with a bankruptcy-specific exemption at all, but does cite

11 U.S.C. § 522(b)'s "incorporati[on of] state personal exemptions to the bankruptcy estate" as an example of "federal law coexist[ing] peaceably with" state law. Lycos, 394 F.3d at 1201. Similarly, Williamson cites a single line from Hood v. Tennessee Student Assistance Corp. (In re Hood), 319 F.3d 755 (6th Cir. 2003), stating that "uniformity would be unattainable" if each state possessed its own bankruptcy regime as part of a discussion of the historical understanding of the Bankruptcy Clause. Id. at 764. But Hood did not consider a bankruptcy-specific state exemption; it dealt with Congress' power to abrogate state sovereign immunity under the Bankruptcy Clause. Id. at 758. The only other circuit opinion Williamson cited as supporting the constitutional argument is Elliott v. Bumb, 356 F.2d 749 (9th Cir. 1966), which also fails to address a bankruptcy-specific exemption.

Williamson notes that several lower courts—including one within this circuit— have rejected the constitutionality of bankruptcy-specific exemptions. But most of these authorities have been overruled. We expressly rejected the reasoning of In re Mata, 115 B.R. 288 (Bankr. D. Colo. 1990), as meritless in Kulp. See 949 F.2d at 1109 n.3. Williamson also cites In re Pontius, 421 B.R. 814 (Bankr. W.D. Mich. 2009) and In re Wallace, 347 B.R. 626 (Bankr. W.D. Mich. 2006), both of which were overruled by the Sixth Circuit in Richardson v. Schafer (In re Schafer), 689 F.3d 601, 604-05 (6th Cir. 2012), cert. denied, 133 S. Ct. 1244 (2013). And the Ninth Circuit BAP reached an opposite result from In re Regevig, 389 B.R. 736 (Bankr. D. Ariz. 2008), in Sticka v.

-6-

Applebaum (In re Applebaum), 422 B.R. 684, 686-87 (B.A.P. 9th Cir. 2009).

The only case supporting Williamson's theory that has not been directly rejected by a higher court is In re Cross, 255 B.R. 25 (Bankr. N.D. Ind. 2000). But as the foregoing suggests, that case is contrary to the clear weight of authority. In addition to our decision in Kulp, the Sixth Circuit's ruling in Schafer, and the Ninth Circuit BAP's opinion in Applebaum, the Fourth Circuit has also rejected a constitutional challenge to bankruptcy-specific exemptions. See Sheehan v. Peveich, 574 F.3d 248, 251 (4th Cir. 2009); see also In re Westby, 473 B.R. 392, 407-16 & nn.109, 137, 163 (Bankr. D. Kan. 2012) (collecting cases in a thorough and cogent discussion of the issue in a nearly identical challenge to § 60-2315).

Although the consensus that bankruptcy-specific exemptions are constitutional forms the basis for our holding—statutory policy could not make an unconstitutional state law constitutional—we also note that Kansas' EIC exemption is consonant with public policy and the goals of bankruptcy law. It does not grant bankrupt debtors expecting an EIC a head start over others, but instead works toward realizing equal opportunity for all families. Cf. Norwest Bank Neb., N.A. v. Tveten, 848 F.2d 871, 876 (8th Cir. 1988) (rejecting a wealthy debtor's attempt to exempt $700,000 in property as an inappropriate "head start" rather than a "fresh start"). In contrast, allowing trustees to seize an EIC and thereby deprive working families of tax refunds would be contrary to Kansas law's liberal construal of exemption statutes and would harm EIC recipients seeking the fresh

start that bankruptcy laws aim to provide.  See Miller v. Keeling, 347 P.2d 424, 427

(Kan. 1959) (holding that Kansas affords a liberal construction to exemption laws,

particularly those designed to protect wage earners); see also Williamson v. Murray (In re

Murray), 506 B.R. 129, 133-34 (B.A.P. 10th Cir. 2014) (noting that EICs operate to help

the working poor and their families escape from poverty by supplementing their wages

with a refundable tax credit).

We are bound by Kulp to reject Williamson's constitutional arguments.  See In re

Smith, 10 F.3d 723, 724 (10th Cir. 1993) ("We cannot overrule the judgment of another

panel of this court.  We are bound by the precedent of prior panels absent en banc

reconsideration or a superseding contrary decision by the Supreme Court.").  And  the

weight of authority further supports Murray's position, as do policy concerns.  Rather

than directing us to intervening countervailing authority, Williamson's briefing offers this

court a dog's breakfast of inapposite cases, overruled district court cases unlabeled as

such, and a dissenting opinion from the Ninth Circuit BAP.  See Applebaum, 422 B.R. at

693-98 (Markell, J., dissenting).[1]  We expect better.  Accordingly, we affirm the

---

[1] Citation of overruled decisions as good law is contrary to our expectations for
attorneys practicing in this court.  See Williams v. U.S. Postal Serv., 873 F.2d 1069, 1075
(7th Cir. 1989) (sanctioning attorney for brief that relied on "overruled, irrelevant, and
non-controlling" cases); see also Lieber v. ITT Hartford Ins. Ctr., Inc., 15 P.3d 1030,
1038 (Utah 2000) (upholding attorneys' fees award against counsel who relied on
overruled cases to support a claim that a split of authority existed).  Williamson also
failed entirely to cite Kulp on appeal, despite citing it below.  This omission is
unacceptable.  See Jewelpak Corp. v. United States, 297 F.3d 1326, 1333 n. 6 (Fed. Cir.

Continued . . .

bankruptcy court's conclusion that § 60-2315 does not violate the Bankruptcy or Supremacy Clauses.

**B**

Williamson also objects that the Kansas statute permits attachment or offset of an EIC "for the payment of child support or spousal maintenance" but lacks a parallel provision permitting attachment or offset to pay trustees' administrative expenses. Kan. Stat. § 60-2315. Because 11 U.S.C. § 507(a) gives trustees' administrative claims priority over domestic support obligations in some cases, Williamson contends that § 60-2315 is preempted. We conclude that this alleged conflict is illusory.

Although § 60-2315 allows for EIC proceeds to be attached for the payment of domestic support obligations, those funds do not thereby become part of the bankruptcy estate. As the Bankruptcy Code states and the Bankruptcy Court for the District of Kansas correctly held in rejecting this very argument, trustees have no right to distribute proceeds that do not constitute estate property. 11 U.S.C. § 704(a)(1); <u>Westby</u>, 473 B.R. at 418 ("There is no conflict with § 507, because that section only applies to the

2002) (noting "significant dismay at counsel's failure to cite . . . controlling (or at the very least, persuasive) authority" and observing that "officers of our court have an unfailing duty to bring to our attention the most relevant precedent that bears on the case at hand—both good and bad—of which they are aware"); <u>Hill v. Norfolk & W. Ry. Co.</u>, 814 F.2d 1192, 1198 (7th Cir. 1987) ("The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless.").

distribution of estate property, not exempted property.").

## C

Finally, Williamson argues that § 60-2315 is preempted by 11 U.S.C. § 544, which grants the trustee the "rights and powers" of "a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains . . . a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists." 11 U.S.C. § 544(a); see also Sovereign Bank v. Hepner (In re Roser), 613 F.3d 1240, 1243 (10th Cir. 2010) (holding that section 544 grants trustees "the rights and powers of a hypothetical person who acquired a judicial lien on the debtor's property at the time that the bankruptcy petition was filed"). The hypothetical lienholder's powers are defined by "relevant state nonbankruptcy law." Morris v. St. John Nat'l Bank (In re Haberman), 516 F.3d 1207, 1210 (10th Cir. 2008).

Williamson contends both that § 544 empowers a trustee to stand in the shoes of a pre-petition creditor and that, because § 60-2315 does not apply outside of bankruptcy, such a creditor could garnish an EIC. There are flaws in this argument. First, the Bankruptcy Code grants the trustee authority "as of the commencement of the case," § 544(a), rather than at some pre-petition date. Accordingly, § 544 allows the trustee to claim a hypothetical creditor's priority in property of the estate, not in exempt property. See In re Earned Income Tax Credit Exemption Constitutional Challenge, 477 B.R. 791, 804 (Bankr. D. Kan. 2012), aff'd sub nom. Nazar v. Lea (In re Lea), Bankr. L. Rep.

-10-

(CCH) P82,524 (D. Kan. 2013).

Second, Williamson does not establish that a hypothetical individual lienholder could attach or levy on an EIC under Kansas law. Kansas gives only the Director of Accounts and Reports the power to attach an EIC, Kan. Stat. § 75-6206, and only authorizes attachment when a request is made to the Director by "the state, a foreign state agency or any municipality," Kan. Stat. § 75-6201. Williamson cites 31 U.S.C. § 3720A and 26 U.S.C. § 6402, which allow states and federal agencies to attach or offset federal tax refunds. These provisions do not allow an individual judgment creditor to garnish an EIC. As the BAP correctly observed, a hypothetical individual lienholder therefore would have no power to attach an EIC. See Murray, 506 B.R. at 139-40 ("[A]n executing creditor outside of bankruptcy cannot effectively attach an [EIC] refund held by the IRS or the Kansas Department of Revenue.").

### III

The judgment of the bankruptcy court is **AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge